BOHAN vs. THE MILWAUKEE, LAKE SHORE & WESTERN RAIL-WAY COMPANY.

*October 18 — November 6, 1884.*

RAILROADS: NEGLIGENCE. *(1) Injuries to person: Cars in front of locomotive: Warning. (2) Evidence: Court and jury.*

1. Plaintiff was injured while attempting to cross the railroad track in the night-time, in front of three gravel cars which were being lawfully pushed in front of a locomotive. The cars were moving at a reasonable and lawful rate of speed; the head-light of the engine was in proper condition and lighted; a brakeman was upon the extreme front of the train with a lighted lantern; and the engine bell had been rung constantly while the train was passing from a point more than 230 feet distant to the place of the injury. *Held*, that the railroad company was not guilty of any negligence which caused the injury.

2. The conductor, engineer, fireman, and brakeman having testified that the brakeman stood on the forward end of the train with a lighted lantern and that the bell was ringing as above stated, the testimony of the plaintiff and several other witnesses who looked only casually at the train, that they did not hear the bell or see the lantern is *held* to be at most a mere *scintilla* of evidence, and not to have justified the submission of those questions to the jury, or to have warranted a special finding that no one stood on the forward end of the train with a lantern.

APPEAL from the Circuit Court for *Ozaukee* County. The case is stated in the opinion.

*Alfred L. Cary,* for the appellant, to the point that the nonsuit should have been granted, cited: *Wilcox v. R., W.*

& O. R. R. Co. 39 N. Y. 358; *Gorton v. Erie R'y Co.* 45 id.
660; *Levy v. G. W. R. R. Co.* 48 id. 675; *Salter v. U. & B.
R. R. R. Co.* 75 id. 273; *Reynolds v. N. Y. C. & H. R. R.
R. Co.* 58 id. 248; *Connelly v. N. Y. C. & H. R. R. R. Co.*
88 id. 346; *Gerety v. P., W. & B. R. R. Co.* 81 Pa. St. 274;
*Central R. R. Co. v. Feller,* 84 id. 226; *Grows v. M. C. R.
R. Co.* 67 Me. 100; *Kearney v. C., M. & St. P. R'y Co.* 47
Wis. 144; *Allyn v. B. & A. R. R. Co.* 105 Mass. 77; *L. S.
& M. S. R. R. Co. v. Miller,* 25 Mich. 274; *Railroad Co. v.
Houston,* 95 U. S. 697.

*George W. Foster,* for the respondent.

LYON, J. This case was here on a former appeal, and is
reported in 58 Wis. 30. The nature of the action and the
facts of the case are there sufficiently stated, and will not
be repeated here. The case has been again tried, and the
trial resulted in a judgment for the plaintiff, from which
the defendant has appealed. The testimony on the part of
the plaintiff on the last trial is substantially the same as
that introduced by him on the first. By reference to the
report of the case in 58 Wis. 30, it will be seen that the de-
fendant introduced no testimony on the first trial. The
grounds upon which the judgment went on the first appeal
will appear by the following extract from the opinion: "It
is not unlawful for railway companies to propel cars by
pushing them in advance of the locomotive by which they
are propelled, when the exigencies of their business require
it to be done. If they do so under circumstances which in-
crease the risks of injury to persons or property, the law
places them under obligation to give timely and suitable
notice or warning, in some manner, of what they are doing.
In this case it does not appear that the gravel cars could be
distinguished or their presence discovered by persons at
the street crossing, when the plaintiff attempted to cross
the track, unless by aid of the head-light. If, therefore, the

Bohan vs. The Milwaukee, Lake Shore & Western R'y Co.

head-light did not disclose to persons at that point, using proper care and watchfulness, that the locomotive was preceded by the gravel cars, the defendant company was negligent in not furnishing some other and more effectual signal or notice of the fact. Hence, the case seems to turn upon the question of the sufficiency of the head-light to enable the plaintiff to discover the gravel cars by exercising due care and scrutiny. If it was sufficient, the plaintiff was negligent and the defendant was not. If it was not sufficient, the result is reversed — the defendant was negligent and the plaintiff was not."

It was held that, under the circumstances of the case, the question whether or not the head-light was sufficient to enable the plaintiff, exercising proper care, to see the gravel cars, was for the jury. There was no proof, on the first trial, that a lighted lantern was held on the forward end of the first gravel car from the depot, or that the train bell was rung immediately before the plaintiff was injured. On the last trial, four witnesses, produced on behalf of the defendant, each testified that a brakeman stood upon the forward end of that car with a lighted lantern in his hand, plainly visible, from the time they left the gravel pit (nearly one-half mile south of the depot) until the train reached the depot. These witnesses were the conductor, engineer, and fireman on the train which injured the plaintiff, and the brakeman who held the lantern. There is a switch 230 feet south of the depot, and three of these witnesses testified that the engine bell was rung constantly while the train was passing from a point several rods south of this switch to the depot.

The plaintiff and several witnesses introduced by him each testified that he saw the head-light of the approaching train when a short distance south of the depot platform, but saw no person on the forward end of the first gravel car, nor any light at that place, and that he does not remember

to have heard the engine bell ring before the plaintiff was injured. This is all the testimony which in any manner tends to throw doubt upon the statements of the defendant's witnesses as to the ringing of the bell or the presence of a lighted lantern on the gravel car.

It satisfactorily appears from all the evidence that at the time the plaintiff was injured, and immediately before, the train was running at a reasonable and lawful rate of speed, and that it was equipped with a proper head-light. It was held on the former appeal, and is *res adjudicata* on this appeal, that it was not unlawful for the defendant to propel its gravel cars in front of the locomotive, if that was required by the exigencies of its business. That it was so required in this case is abundantly and conclusively proved. The defendant was only required to give timely and suitable notice or warning that it was so propelling the gravel cars. We do not perceive what notice or warning, besides that furnished by the head-light, the defendant could reasonably be required to give, other than to ring the engine bell and to keep a man with a lighted lantern stationed at the head of the train. The question to be here determined is, Does the testimony conclusively establish that such warnings were given in the present case?

The testimony of the plaintiff's witnesses, that they did not hear the bell ring, or did not see the lighted lantern at the head of the gravel cars, is purely negative, and its negative character is intensified by the fact, which is made perfectly obvious by their testimony, that they did not look attentively, but only casually, at the approaching train, and the attention of none of them was directed to the presence or absence of such warnings. Upon this record the credibility of the defendant's witnesses, who testified positively to the ringing of the bell and the presence of the brakeman on the gravel car with a lighted lantern, stands unimpeached. The jury were not at liberty to disregard their testimony,

but it was their duty to reconcile the testimony of all the witnesses, if that could reasonably be done. There is no difficulty in doing so in this case. The testimony of the defendant's witnesses is positive that the bell was seasonably rung, and that the brakeman stood on the forward end of the leading gravel car holding a lighted lantern; and that of the plaintiff's witnesses is that, although they had the opportunity to hear and see such warnings, they failed to do so. The testimony does not tend to show a single fact or circumstance which gives a positive character to the testimony of the plaintiff and his witnesses. Such being the nature of the testimony, the fact that the warnings were given was established, if not by the undisputed evidence, certainly by an overwhelming preponderance of testimony, and the jury were not justified in finding that they were not given. Indeed, the negative testimony of plaintiff and his witnesses, while it has some bearing upon the question of the warnings, amounts to little more than, so to speak, a mere *scintilla* of evidence, and did not justify the jury in their disregard of all the positive and otherwise unimpeached testimony that the warnings were given. See *Muster v. C., M. & St. P. R'y Co., ante*, p. 325.

This court always has been and is very careful not to interfere with findings of facts by juries unless absolutely compelled by the law to do so. But we find one fact in this record which causes us to feel less tender of this verdict. The jury assessed the plaintiff's damages at $2,500,— a sum which, in view of the nature and extent of the plaintiff's injuries, was greatly in excess of what he ought to have recovered, if entitled to recover at all. The learned circuit judge was of that opinion, and only denied a motion for a new trial on condition that the plaintiff remit one half of the damages so assessed. The findings of a jury who could render such a verdict are not entitled to any special consideration at the hands of the court. Indeed, the damages

awarded were so excessive, probably, it ought to be held that the assessment shows such bias, prejudice, or passion on the part of the jury that the judgment ought to be reversed for that reason.

Because when the plaintiff was injured the train of the defendant was moving at a lawful rate of speed, and was lawfully propelling the gravel cars in front of the locomotive; because the head-light of the train was in proper condition and lighted; and because sufficient and timely warning of the approach of the train was given by the ringing of the bell, and by the presence of the brakeman with a lighted lantern on the extreme front of the train, it must be held that the defendant was not guilty of any negligence which caused the injuries complained of.

The jury found specially that as the train approached, none of the defendant's men stood on the forward end of the forward gravel car, and based their finding that the defendant was guilty of negligence upon the fact alone that the front gravel car was not lighted. It follows from what has already been said that the evidence does not support these findings.

At the close of the testimony the defendant moved for a nonsuit. The motion was denied. It should have been granted. Not having been granted, the circuit court should have granted the motion of the defendant for a new trial.

The foregoing views are decisive of the case; hence it becomes unnecessary to consider the question of the alleged contributory negligence of the plaintiff.

*By the Court.*— Judgment reversed, and cause remanded for a new trial.