GEORGE G. GEHRING, BY NEXT FRIEND, PLAINTIFF IN ERROR, v. ATLANTIC CITY RAILROAD COMPANY, DEFENDANT IN ERROR.

Argued June 21, 1907—Decided November 18, 1907.

1. The duty of a traveler upon a highway, before crossing a railroad, to look up and down the tracks and listen for approaching trains must be performed, if the surrounding conditions permit it, at a time when its performance will be an efficient means of warning him of his peril, if peril exists, and his failure to observe this obligation is such negligence as will prevent a recovery if he is run down at the crossing, even though it be shown that no warning of the approach of the train was given.

2. A boy thirteen years of age is old enough to appreciate fully the dangerous character of a railroad crossing and the necessity for using care for his own safety while crossing, and therefore, the rules which prevail as to adults in such cases are equally applicable to him.

On error to the Supreme Court.

For the plaintiff in error, *William I. Garrison* and *John J. Crandall.*

For the defendant in error, *Clarence L. Cole.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. The single assignment of error in this case presents the question whether the trial court properly directed a verdict for the defendant railroad company.

The suit is brought to recover compensation for injuries received by the plaintiff through being struck down at a highway crossing by one of the defendant company's trains. The case made by the proofs submitted on behalf of the plaintiff, and supplemented by the undisputed testimony of the defendant, was as follows:

Plaintiff, a boy about thirteen years old, left his home on his bicycle about a half hour before sunset to go to the post-office at Brigantine Beach. The highway upon which he traveled crossed the tracks of the defendant company at right angles at a point about one hundred yards from his home. The planks at the crossing had been removed, leaving the stone ballast of the railroad exposed, thereby making the surface of the highway very rough. Three tracks had been laid at this point. The first one—as the crossing was reached from the direction in which the plaintiff was traveling—was a siding. The next was the southbound track leading from Camden to Atlantic City. The third was the northbound track between the same points. Upon the siding, in close proximity to the crossing, there were two freight cars standing. Whether they were both of them south of the crossing, or one of them on each side of the crossing, is left uncertain by the testimony. The distance from the easterly rail of the siding to the westerly rail of the northbound track was twenty feet and five inches. The plaintiff, after passing over the siding, and clearing the overhang of the freight cars, stopped and looked for approaching trains. He then had an unobstructed view along the track, both north and south, for considerably more than a mile. He neither heard nor saw any train approaching, and went on over the crossing. When he reached the northbound track his wheel became caught in the stone ballasting between the rails, and was brought very nearly, or entirely, to a standstill. The plaintiff himself testified both ways upon this point. In answer to a question by his counsel, he testified that the wheel was held straight up by the stones, but could not move, and continued in this position from one to two minutes. Subsequently, in answer to a question by the court whether he intended to state that the bicycle came to an absolute stop, he replied, "No." While still upon the track with his wheel he was run down by a northbound train of the defendant company on its way to Camden, which approached the crossing without any warning being given, either by the ringing of a bell or the blowing of a whistle.

On these facts does it conclusively appear that the plaintiff's accident was partly due to his own negligence?

It is so thoroughly settled by the repeated decisions of this court that it is the duty of the traveler upon a highway, before crossing a railroad, to look up and down the tracks, and also listen for approaching trains, and that his failure to do so is such negligence as will prevent a recovery if he is run down at the crossing, even if it be shown that no warning of the approach of the train was given by those operating it, that a citation of the cases is unnecessary. That the duty referred to must be performed, if the surrounding conditions permit it, at a time when its performance will be an efficient means of warning the traveler of peril, if peril exists, has also been frequently declared by this court. *Merkle* v. *New York, Lake Erie, &c., Railroad Co.,* 20 *Vroom* 473; *West Jersey Railroad Co.* v. *Ewan,* 26 *Id.* 574; *Central Railroad Co.* v. *Smalley,* 32 *Id.* 277; *Swanson* v. *Central Railroad Co.,* 34 *Id.* 605. The plaintiff made his only observation immediately after crossing over the siding. He had then an unobstructed view of over a mile in the direction from which the train was approaching. His failure to see it was necessarily due either to the fact that the train was not yet in sight, or to his looking so carelessly as not to perceive what was plainly within his view. If the latter was the reason for his ignorance of the approach of the train, the direction of a verdict for the defendant was clearly right, for his failure to observe it places him in the same position, so far as the question of his negligence is concerned, as if he had perceived it and had then attempted to cross over the track in front of it. If his failure to detect the approach of the train was due to the fact that it was not yet within the range of his vision when he made his observation, then the accident was the result of his riding over the space intervening between the siding and the northbound track and then remaining upon that track, without again looking or listening, until he was run down, during which period the train traveled a distance of considerably more than a mile. His failure in this regard was a neglect to perform the duty of looking and listening at a time when

such performance would have been efficacious in informing him of the approaching danger, and justified the direction of a verdict against him. The fact that the plaintiff was a boy of thirteen years did not relieve him from the duty of careful observation. He was old enough to appreciate fully the dangerous character of a railroad crossing, and the necessity of using care for his own safety while riding over it, and the rules which prevail as to adults in cases of this kind are equally applicable to him. *Sheets* v. *Connolly Railway Co., 25 Vroom* 518; *North Hudson Railway Co.* v. *Flanagan, 28 Id.* 696; *Brady* v. *Consolidated Traction Co.,* 35 *Id.* 373; *Barlow* v. *Jersey City, &c., Railway Co.,* 38 *Id.* 364.

We find no error in the judicial instruction complained of, and the judgment under review must be affirmed.

GARRISON, J. (dissenting). I think that there was testimony from which the jury might properly have found that the plaintiff did not know that the planking at the railroad crossing had been torn up until he had turned at nearly a right angle onto the crossing, and was actually engaged in crossing the tracks. At this juncture he was confronted with the unexpected condition of the crossing and also with the duty of looking for trains. If without negligence on his part the plaintiff found himself in this position, the question whether he exercised such care for his safety as a reasonably prudent person would exercise under the circumstances was a jury question. It would be so even in the case of an adult— still more so is it the rule in the case of an infant. Deeming that there was a jury question upon one phase of the testimony, I think the direction of a verdict was erroneous.

*For affirmance*—MAGIE, CHANCELLOR, THE CHIEF JUSTICE, HENDRICKSON, REED, VREDENBURGH, GREEN, GRAY, DILL, J.J.   8.

*For reversal*—GARRISON, TRENCHARD, BOGERT, J.J.   3.