HEARTH, by guardian *ad litem*, Respondent, vs. CHICAGO, MILWAUKEE & ST. PAUL RAILWAY COMPANY, Appellant.

*December 10, 1924—January 13, 1925.*

*Railroads: Accidents at grade crossings: Negligence: Contributory negligence: Questions for jury.*

1. A traveler on a public highway who approaches a railroad crossing must exercise ordinary care in listening and looking for cars that might approach or cross the highway. p. 452.
2. It is the duty of a railroad company, in backing cars over a public highway in the nighttime, to give efficient warning to travelers on the highway of the approach of such cars, and failure to do so, resulting in injury to such travelers, constitutes actionable negligence. p. 453.
3. In an action for injuries sustained by plaintiff while driving an automobile which was struck by a train at a grade crossing, the situation as testified to by plaintiff and his witnesses is *held* to make the questions whether defendant was negligent and whether plaintiff was contributorily negligent for the jury. p. 454.

APPEAL from a judgment of the circuit court for Monroe county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

Action to recover damages for personal injuries. The plaintiff recovered judgment for $3,325, and defendant appeals. The injuries were the result of a collision between a box car on defendant's railroad and plaintiff's automobile, crossing the track.

There was a jury trial and a special verdict. The jury found that the bell was properly rung; that the train was not running in excess of twelve miles an hour; that there was no lookout stationed on the end of the train which struck the plaintiff's automobile; that the failure to have such lookout was the proximate cause of the accident to plaintiff; that there was no warning given to the plaintiff of the approach of the train; that such failure to give warning constituted a lack of ordinary care on the part of the defendant; that said failure to give warning was the proximate cause of the injury to plaintiff; that the plaintiff was not guilty of contributory negligence; and assessing plaintiff's damages at $3,000 for personal injuries and $325 for damage to his automobile. Defendant made the usual motions to change the answers in the verdict, and for judgment notwithstanding the verdict, which motions were denied.

The defendant assigns as errors the failure of the court to grant judgment notwithstanding the verdict, and in not changing the answers to questions 5, 7, and 10.

For the appellant there was a brief by *H. J. Killilea* and *Rodger M. Trump,* both of Milwaukee, and *T. P. Abel* of Sparta, and oral argument by *Mr. Trump.*

For the respondent there was a brief by *Graham & Moran* of Tomah, and oral argument by *John G. Graham.*

CROWNHART, J. The facts so far as are material in this case may be briefly stated. The accident happened on a railroad crossing in the city of Tomah. The plaintiff, driving a Ford touring car with two companions seated in the car with him, passed north on Glendale avenue to cross over defendant's railroad tracks, five in number, which tracks

crossed ·the avenue at right angles.  The first track, as the plaintiff approached from the south, is known as House Track; the second track, East-bound Main; the third track, West-bound Main; the fourth track, Valley Main; and the fifth track, Roundhouse Track.  The highway across these tracks was planked about twenty-four feet wide, and to the east of the planking was a cement sidewalk, five feet wide, running parallel with the avenue.  From the center of the planked highway to the easterly side of the cement sidewalk was twenty-seven feet six inches.  On the West-bound Main track, east of Glendale avenue, was a caboose, the westerly end of which was upon, or, partly upon, the sidewalk.  Attached to the easterly end of the caboose were two box cars. The westerly end of the caboose was lighted.  The plaintiff slowed down to almost a stop as he came to the first railroad track, looked and listened, and, not seeing or hearing any warning of danger, proceeded at about eight miles an hour to cross the railroad tracks.  He was apprehensive of the possibility of the caboose being pushed across the avenue, and watched it closely to see that it did not move.  As he got on to the West-bound Main, the track containing the caboose, he suddenly discovered a box freight car coming down from the east, going west on the Valley Main, the adjoining track to the one upon which the caboose stood. He immediately threw out the clutch and put on his brakes, but before his car came to a stop the front wheels of his car were upon the Valley Main track and the box car hit the automobile, tipped it over, and pushed it down the railroad track to the west 150 feet.  The automobile had become entangled with the couplings of the freight car and the ladder on the corner of the car.  The plaintiff was unable to get out of his car and received serious injuries.

When the plaintiff first saw the freight car he testified there was no one riding the car to give warning, and there was no light upon the car.  The car was one of a string of cars about 1,000 feet long, and the engine was at the easterly

end of the string, the cars being pushed in on the track. This was the situation as testified to by the plaintiff and the other two occupants of the car. The situation of the caboose was further verified by another impartial witness. The foregoing facts were testified to by plaintiff and fully corroborated by his two companions in the car with him, who were likewise looking and listening to avoid danger. The evidence of plaintiff and his witnesses to this situation seems to be entirely credible, and being so, it presented a question for the jury, notwithstanding that this evidence was controverted by the defendant's witnesses. It is therefore unnecessary to go into a full discussion of the evidence. The real question presented is whether this situation, as testified to by the plaintiff and his witnesses, made a case for the jury as to the negligence of the defendant and contributory negligence on the part of the plaintiff.

The avenue was a public highway upon which the plaintiff had a right to travel. As he approached the crossing the highway was open to travel. It was plaintiff's duty to exercise ordinary care in listening and looking for cars that might approach this highway or cross it. Assuming his evidence to be true, he did look and did listen. The bell was ringing on the engine, but the engine was distant 1,000 feet or more from the highway, and it is not incredible that under the circumstances the plaintiff would not hear the bell. He said he did not hear it. He saw no other cars on the tracks save the caboose and the attached cars. It was in the nighttime and dark. He drove at a reasonable rate of speed considering the circumstances, and watched cautiously for any movement of the caboose that might endanger him. Until he felt secure from the movement of the caboose his attention naturally would be directed to the caboose, and in view of the location of the caboose he would be unable to see cars approaching from the east on the Valley Main track until he had reached a point where the caboose did not obstruct his view. The distance from the

center of the West-bound Main to the center of the Valley Main was thirteen feet four inches. Plaintiff first saw the freight car when it was twenty to thirty feet east of the avenue, when he was on the West-bound Main, and the forward part of his car would naturally reach to the north of the track. This did not leave him more than ten feet or so before he would reach the position where the collision occurred. Plainly, it cannot be said that his failure to stop his car within this distance was negligence *per se*. Plaintiff's car was going at the rate of eight miles an hour or eleven and two-thirds feet per second. To throw out the clutch, put on the brakes, and bring the car to a stop within about one second of time is fairly fast work, and it at least made a question for the jury as to whether the plaintiff exercised due care. The defendant, by placing its cars with the caboose so close to the highway, made a dangerous situation for any one going north on the avenue if, as happened in this case, a string of cars was shoved westerly on the adjoining track to the north. Clearly, it was the duty of the defendant company to appreciate this situation and to provide an efficient warning to travelers on the highway, under the circumstances. It is the duty of a railroad company, in backing a string of cars over a public highway in the nighttime, to give efficient warning to travelers on the highway of the approach of such cars, and failure to do so, resulting in injury to travelers on such highway, constitutes actionable negligence. *Bohan v. M., L. S. & W. R. Co.* 58 Wis. 30, 15 N. W. 801, 15 A. L. R. 1527; 2 Thompson, Comm. on Neg. (2d ed.) pp. 224–227; also see *Duane v. C. & N. W. R. Co.* 72 Wis. 523, 40 N. W. 394. True, the defendant contends that it did furnish this warning, but the testimony on this point, as we have said, is in conflict with entirely credible evidence on the part of the plaintiff to the contrary. In fact, the evidence on the part of the defendant as to the warning comes wholly from one witness, the brakeman who rode the car down. It appears that this brakeman got on

the ladder on the southwest corner of the car quite a distance east of the avenue, and rode the car in that position while it was going west, holding a lantern in one hand. The conflict in the evidence arises as to the point at which the brakeman got off the ladder. He claimed that he got off at the sidewalk when he discovered the danger to himself of a collision, and he also claimed that in the meantime, as the car was moving westward, he discovered the approach of the automobile by means of the light from the automobile that shone under the caboose, and that he hollered and swung his lantern to give warning. The plaintiff and his two companions were equally positive, however, that he did not ride the car down as far as the sidewalk, and that he was not on the car when the car came in their view. There are facts and circumstances in the evidence of other witnesses that the jury might well have taken into consideration as sustaining the testimony of plaintiff and his witnesses, but we think this was such a clear case where the facts warranted the court in submitting the case to the jury that it is unnecessary to further detail the evidence.

*By the Court.*—The judgment of the circuit court is affirmed.