EVANS v. DENVER & R. G. W. R. R. CO.

No. 4745.   Decided June 11, 1929.   (278. P. 809.)

*Van Cott, Riter & Farnsworth,* of Salt Lake City, for appellant.

*Willard Hanson* and *A. H. Hougaard,* both of Salt Lake City, for respondent.

ELIAS HANSEN, J.

Plaintiff recovered a judgment against the defendant on account of damages to plaintiff's automobile.  The defendant appeals, and seeks to have the judgment reversed, because, as claimed by it, the evidence shows, as a matter of law, that plaintiff's negligence was the proximate cause

or a proximate contributing cause of the injury complained of by the plaintiff. The sufficiency of the evidence to support a verdict in favor of the plaintiff was questioned by the defendant in the trial court by a motion for a directed verdict in its favor at the conclusion of the evidence and by a motion for a new trial. Both motions were denied. These rulings are assigned as error and relied upon for a reversal of the judgment.

The defendant is a corporation engaged in operating a steam railroad. The complaint is founded upon the alleged negligence of the defendant in backing its cars in the nighttime without any signal or warning over a public highway where such highway crosses the railroad tracks of the defendant at Midvale, Salt Lake county, Utah. Defendant's answer denies negligence on its part, and alleges that the damage to plaintiff's automobile was caused by the negligence of the plaintiff in failing to look and listen for the approach of defendant's train before attempting to cross its railroad tracks.

On the night of November 24, 1926, the plaintiff was driving his automobile from Bingham easterly towards Salt Lake City. He was accompanied by one J. H. Boughan. In the city of Midvale the highway over which the plaintiff was driving crosses the railroad tracks of the defendant company. At the intersection of the highway and the railroad tracks the defendant maintains a double main track and about three tracks that are used for switching. While plaintiff was crossing these tracks, his automobile was struck by the rear end of a train that was being backed over the crossing. The collision so damaged plaintiff's automobile as to render it almost valueless. It is made to appear that a few minutes before the accident defendant's train, consisting of an engine and twelve cars, was moved to the south of the intersection of the highway and the railroad tracks so that traffic could proceed along the highway over the railroad tracks. After being moved, the train was stopped and left standing, so

that the car on the rear end of the train was between 25 and 40 feet south of the crossing. The engine was on the south end of the train. An engineer and a brakeman were in charge of the train. The brakeman was at the rear end of the train, and, by means of a lighted lantern, signalled the engineer when and in what direction to move the train. There were no lights on the rear end of the train. Just before the collision, the brakeman signalled the engineer to back up. It was while the train was being backed over the crossing that the collision occurred. J. H. Boughan, was riding in plaintiff's automobile at the time of the collision, testified in substance as follows: That the plaintiff stopped his automobile about 8 or 10 or 12 feet from the railroad track; that the night was very dark; that, before proceeding to cross the railroad track, he looked and listened to ascertain if a train was approaching the crossing; that apparently no train was moving on the railroad track; that plaintiff started up his automobile slowly, and just as it got onto the first or west track it was hit by the railroad car; that it looked like the automobile and train must have started to move at about the same time; that the automobile was not moving to exceed 2 miles per hour when it was struck; that no signal or warning was given before the train backed up. The testimony of the plaintiff is to the same effect as that of Boughan, except that plaintiff did not know how fast his automobile was moving at the time of the accident. Other witnesses testified that plaintiff either stopped, or nearly stopped, his automobile just before he proceeded to cross the railroad tracks. It further appears that there were street lights in the vicinity of the intersection of the railroad and the highway, but the distance of the lights from the crossing is left uncertain. The evidence is in conflict as to whether or not the crossing was sufficiently lighted to enable one approaching it to discern a train of cars at any appreciable distance on the night of the accident. There were no buildings or other objects to obstruct the view of the plaintiff as he ap-

proached the crossing. The evidence offered by the defendant conflicts with that of the plaintiff in a number of particulars, but, as this is a law action, it is not within our province to weigh conflicting evidence.

The defendant concedes that the evidence in this case is sufficient to support a finding by the jury that the defendant was negligent on the night in question, and that such negligence was a proximate contributing cause of the injury complained of. It is contended, however, that the evidence adduced at the trial shows, as a matter of law, that the plaintiff was negligent, and that his negligence proximately contributed to the collision. In support of such contention the following cases are cited: *Mann* v. *Belt Ry. & Stockyard Co.*, 128 Ind. 138, 26 N. E. 820; *Shortino* v. *Salt L. & U. R. Co.*, 52 Utah 476, 174 P. 860; *Clark* v. *Union P. R. Co.* (Utah) 257 P. 1050; *Walsh* v. *Pennsylvania R. Co.*, 222 Pa. 162, 70 A. 1088; *Gehring* v. *Atlantic City Ry. Co.*, 75 N. J. Law, 490, 68 A. 61, 14 L. R. A. (N. S.) 312; *Zibbell* v. *Southern Pac. Co.*, 160 Cal. 237, 116 P. 513; *Lawrence* v. *Denver & R. G. R. Co.*, 52 Utah 414, 174 P. 817. These cases support the familiar doctrine stated in this language in the case of *Lawrence* v. *Denver & R. G. R. Co.*, supra:

"A person before attempting to cross a railroad track, and when an approaching train is in full view, is chargeable with seeing what he could have seen if he had looked, and with hearing what he would have if he had listened. In other words, where he apparently looks and listens, but does not see or hear the approaching train, it will be presumed that he did not look or listen at all, or, if he did, that he did not heed what he saw or heard."

We are of the opinion that the facts in the instant case do not bring it within the rule announced in the cases cited by the defendant. The evidence here shows without conflict that the defendant's train began to move only a very short time before the accident. There is a vast difference in attempting to drive over a railroad track when a train is approaching a crossing and attempting to pass over a railroad track when cars are merely

standing near the crossing. It is not improbable that the defendant's train began to back up at or very near the time plaintiff started his automobile in motion. It appears that it was dark at the time of the collision. One witness described the night as very dark. There was no light on the rear end of the train. Under these circumstances, it cannot be said, as a matter of law, that the plaintiff is presumed to have seen the cars standing on the side of the crossing. Much less can it be said that he saw the cars in motion in sufficient time to avoid the collision. The train backed up slowly. It is quite possible that the occupants of the automobile could not have heard the movement of the train before the collision occurred. They testified they did not hear any train approaching the crossing.

The respondent contends that the trial court properly submitted to the jury the question of whether or not the plaintiff was guilty of contributory negligence. The following authorities cited by respondent support, or tend to support, such contention: *Hearth* v. *Railroad Co.*, 185 Wis. 449, 201 N. W. 730; *Bohan* v. *M. L. S. & W. Ry. Co.*, 58 Wis. 30, 15 N. W. 801; 15 A. L. R. 1527; 2 Thompson, Negligence (2d Ed.) pp. 224-227; *Duame* v. *Chicago & N. W. Ry. Co.*, 72 Wis. 523, 40 N. W. 394, 7 Am. St. Rep. 879; *Clements* v. *Railroad Co.*, 148 La. 1050, 88 So. 394; *Moody* v. *Railroad*, 156 Minn. 211, 194 N. W. 639. In the case of *Clark* v. *Union P. R. Co.* cited by appellant, Clark was killed at the intersection of a highway and defendant's railroad track. The evidence showed that Clark was driving an automobile at the time he was killed. There was a dense fog, which made it impossible for Clark to see an approaching train at more than 100 feet distance. One of the defenses urged in the Clark Case, as in the instant case, was that the driver of the automobile was, as a matter of law, guilty of contributory negligence. This court held in the Clark Case that it was a question for the jury to determine whether or not Clark was guilty of contributory negligence. We are of the opinion that for stronger reas-

ons the question of whether or not plaintiff was guilty of contributory negligence was a question for the jury in the instant case. Apparently Clark did not stop before he attempted to cross the railroad track. There was no evidence bearing upon the question of whether Clark did or did not look or listen. In this case there is evidence tending to show that the plaintiff stopped, looked, and listened. In the Clark Case the train was approaching the crossing at what plaintiff claimed was an excessive rate of speed. In this case there is evidence that the train was standing still when the plaintiff was only a few feet from the crossing. The two cases are alike, in that the view of the driver of the approaching automobile was obstructed, in one case by a fog, in the other by darkness. We are of the opinion that in the instant case the question of whether or not the plaintiff was guilty of contributory negligence was properly submitted to the jury for their determination.

The judgment is affirmed. Respondent is awarded his costs.

CHERRY, C. J., and STRAUP, EPHRAIM HANSON, and FOLLAND, JJ., concur.