CHARLES N. BALDWIN, PLAINTIFF IN ERROR, v. ATLANTIC CITY RAILROAD COMPANY, DEFENDANT IN ERROR.

Submitted December 12, 1899—Decided March 5, 1900.

The duty of a master to his servant is to take reasonable care that the tools with which, and the places about which, the servant is to work shall be reasonably safe for the servant's use; but the mere fact that an appliance furnished by the master and used by the servant turned out to be unsafe will not establish the liability of the master for the injury received thereby, unless the circumstances justify an inference that the master had not used the reasonable care required of him.

On error to the Supreme Court. This cause was tried at the October Term, 1898, of the Gloucester Circuit Court, before Mr. Justice Garrison and a jury, and at the close of plaintiff's case a nonsuit was ordered.

For the plaintiff in error, *John W. Wescott.*

For the defendant in error, *J. Willard Morgan.*

The opinion of the court was delivered by

MAGIE, CHIEF JUSTICE. The record brought up by this writ discloses an action in tort by plaintiff in error to recover damages for a personal injury.

Plaintiff's declaration founded his right to recover upon

the following averments, viz., that he was in the employ of the defendant company as a brakeman; that it was his duty to step upon one of defendant's freight cars by means of a foot-step attached thereto; that the foot-step was broken, out of repair and unfit for the use which plaintiff was obliged to make of it; that the defendant company knew of such condition of the foot-step, but that plaintiff was ignorant thereof, and that while plaintiff was thus using the foot-step, by reason of its faulty condition, he slipped therefrom and fell on the track in front of the wheel of the moving car by which one leg was cut off.

The defendant pleaded the general issue and another plea which need not be considered.

The issue came on for trial before Mr. Justice Garrison, at the Gloucester Circuit. At the close of plaintiff's case the trial judge, being of opinion that the evidence adduced by plaintiff would not justify a verdict in his favor, upon defendant's motion, directed a nonsuit whereon this judgment was entered.

The single question presented by the bill of exceptions is whether the nonsuit was proper.

From the evidence contained in the bill of exceptions, it appears that plaintiff, on December 9th, 1893, was in the employ of the defendant company as brakeman. It may be inferred, although the evidence to that effect is very meagre, that he was engaged in his employment on that day as a brakeman upon a freight train hauled by the defendant company on its road, and that about seven o'clock in the evening he received the serious injury of which he complained.

The sole evidence tending to charge the defendant company with liability for that injury is contained in the following sentences of plaintiff's testimony, given on his direct examination, viz.: "Well, I went to board the train; I made the cut and went on toward the train—toward the switch— and then I went to board the train, and as I got on the train the step gave way with me—either gave way or turned under; it let me fall back—just turned right under and cut my foot

off." And the answer given by him when asked on cross-examination : "What was the matter with the step of the car," viz. : "The step was loose and it gave way when I stepped on it."

The contention on the part of plaintiff is thus stated in the brief of counsel, viz. : "The master is bound to furnish his servant reasonably-safe tools. * * * Therefore, the affirmative on the plaintiff is to establish that he was injured by the use of an instrument not reasonably safe. * * * The master in this case did injure his servant by an unreasonably-defective tool; therefore, the master is liable."

This argument is based on an incorrect premise.

·It is incorrect to characterize the master's duty to the servant as an absolute duty to furnish his servant with reasonably-safe implements and appliances. On the contrary, it has been settled by many concurring decisions in this court and the Supreme Court that the master's duty does not require him to insure the reasonable safety of tools with which, or places about which, his servant is employed, but will be satisfied by his exercising reasonable care that such tools and places shall be reasonably safe for his workman's use. *Fenderson* v. *Atlantic City Railroad Co.*, 27 *Vroom* 708; *Steamship Co.* v. *Ingebregsten*, 28 *Id.* 400; *Comben* v. *Belleville Stone Co.*, 30 *Id.* 226; *Electric Co.* v. *Kelly*, 31 *Id.* 360; *S. C.*, 32 *Id.* 289; *S. C.*, 28 *Id.* 100; *Atz* v. *Manufacturing Co.*, 30 *Id.* 41; *Belleville Stone Co.* v. *Comben*, 32 *Id.* 353; *S. C.*, 33 *Id.* 449.

The mere fact that an appliance furnished by the master and used by the servant turned out to be unsafe will not evince the master's liability for the injury resulting from its use unless the circumstances established by the evidence justify the inference that the master had not used reasonable care in originally procuring the appliance or in observing its condition and keeping it reasonably safe for use.

Such was the conclusion of this court in *Fenderson* v. *Atlantic City Railroad Co., ubi supra.* In that case the plaintiff's injury was occasioned by the breaking of a coupler,

and the only proof offered to establish the liability of the company was the fact that the coupler broke. A nonsuit was sustained in this court on the ground that the evidence was insufficient to warrant a verdict charging negligence on the employer. The case before us presents the same feature, and the trial judge rightly applied it when he decided the motion for nonsuit in this case.

The judgment must be affirmed.

DIXON, J. (dissenting). At the trial the plaintiff proved that, in the course of his duty as a brakeman employed by the defendant, he attempted in the night time to get on a freight car in the defendant's train; that the step of the car was loose and turned as he placed his weight upon it, so that he fell and was injured. On this proof he was nonsuited for lack of evidence of negligence in the defendant.

I think he presented a case for the jury.

The car being in defendant's possession was presumptively the defendant's car, or at least one as to which when placed in the defendant's train it was chargeable with an employer's duty toward the employes. When the plaintiff proved that the step was so loose as to turn under his weight, he established a probability that it had been defective for some time and to an extent discoverable by careful inspection, for the step of a car is not ordinarily subject to sudden and severe strains, but is liable to become defective gradually and perceptibly. Against the danger arising from such liability the only practicable safeguard for a brakeman is to be found in the employer's duty of inspection and repair, and I think in the present case the plaintiff was entitled to have submitted to the jury the question whether that duty had been performed by the defendant.

*For affirmance* — THE CHIEF JUSTICE, DEPUE, VAN SYCKEL, LIPPINCOTT, GUMMERE, LUDLOW, BOGERT, NIXON, HENDRICKSON, ADAMS, VREDENBURGH.  11.

*For reversal*—DIXON, COLLINS.  2.