WILLIAM BLONSKI v. AMERICAN ENAMELED BRICK AND TILE CO.

Argued February 21, 1906—Decided June 11, 1906.

The plaintiff was struck by a car used for transferring brick in defendant's works; the track, on which the car ran, sloped in such a way that the lowest point was near the machine at which the plaintiff worked, but the grade was just sufficient to facilitate the transfer of cars. *Held,* that the defendant had the right to construct the tracks with such grade as was reasonably necessary to facilitate the transfer of cars about the factory, and that there was no evidence of negligence.

On rule to show cause.

Before Justices GARRISON, GARRETSON and SWAYZE.

For the plaintiff, *George S. Silzer.*

For the defendant, *Robert H. McCarter.*

The opinion of the court was delivered by

SWAYZE, J. This is an action for personal injuries said to be due to the defendant's negligence. The question submitted to the jury was whether the defendant took reasonable care to have the place in which the plaintiff worked, safe. The jury found a verdict for the plaintiff, and this rule was allowed, but the defendant was limited to the grounds that the verdict was against the weight of the evidence and was excessive, and no other reasons were assigned except a general one that the verdict was illegal and improper.

The plaintiff's work was brushing brick at a machine which was located between two tracks upon which ran cars for the transfer of brick about the works. At right angles to these tracks, at either end of the room in which plaintiff worked, were what are called transfer tracks, used for the purpose of transferring the cars from one cross track to another. According to the plaintiff's evidence he was injured by a car coming down one of the cross tracks, striking his elbow and pushing him against the machine.

Most of the testimony was directed to the grade of the track; the plaintiff's evidence tended to show that the cross track sloped in both directions, and that its lowest point was close by the machine; the defendant's evidence tended to show that the cross track sloped uniformly in a direction opposite to that from which the car was said to have come, so that if the plaintiff's story was true, the car must have run up hill.

The jury must have found that the track sloped in two directions, with the lowest point near the machine. The evidence to that effect is not impressive, and there is evidence for the defence of an accurate ascertainment of the grade by leveling. The grade, at any rate, was very slight, apparently just sufficient to facilitate the transfer of cars. We do not find it necessary to pass upon the weight of the evidence on this point, but assume, for the purpose of the case, that the jury was justified in accepting the plaintiff's view. Assuming that, we fail to find evidence of negligence attributable to the master. The defendant had the right to construct the tracks with such grade as might be reasonably necessary to facilitate

the transfer of cars about the factory; it might have thought it advisable to have the track slope from both directions to the machine, in order to bring bricks to that point from either transfer track. The grade could hardly have been less than it actually was; there is no claim that the grade was such that the car acquired unusual momentum and the place where the car is said to have been after the accident indicates that the momentum must have been slight. The plaintiff argues the case as if the master's duty was to furnish a safe place, but this is not the law. *Baldwin* v. *Atlantic City Railroad Co., 35 Vroom* 232, 234.

The evidence indicates that the injury, if it happened as the plaintiff says, was due to a failure to block the car properly, either upon the transfer track or the cross track. The failure to block the car, which in the ordinary course of the work had to be run about the factory on these tracks, was the fault of a fellow servant of the plaintiff and hence he could not recover.

The rule must be made absolute.