FLORENCE ETHEL SHEETS v. THE CONNOLLY STREET RAILWAY, &c., COMPANY.

1. An intelligent child, ten years old, was crossing a public street by a diagonal crosswalk. There were no obstructions to view and no passing vehicles except a horse car coming in a direction toward the child and which, had she looked in the direction she was moving, must have been seen by her long before reaching the track. A verdict that she did not negligently contribute to an injury received by being knocked down by the horses attached to the car, cannot be sustained.

2. When one duty of the driver of a horse car was to collect the fare from passengers, it was erroneous to charge that the jury, in determining the care exercised by the driver at the time of a collision, might consider the fact that one of his duties was the collection of fares, when the evidence was uncontradicted that, at the time in question, there were no passengers from whom to collect fares.

This action was in tort for the recovery of damages for an injury received by plaintiff, by being knocked down by the horses attacked to a street car of defendants, whereby one of plaintiff's arms was seriously bruised and lacerated. The verdict was for the plaintiff and awarded her $2,500 damages. A rule to show cause why the verdict should not be set aside and a new trial granted was thereupon allowed, and was brought to hearing before the branch court by consent of counsel.

Argued at November Term, 1891, before Justices SCUDDER and MAGIE.

For the plaintiff, *George W. Hubbell.*

For the defendant, *Edward Q. Keasbey.*

The opinion of the court was delivered by

MAGIE, J. The case exhibits no evidence of negligence on the part of defendant, either in the selection of the driver or the use of the horses employed at the time of the occurrence in question.

If the defendant was shown to be liable at all, it must have been in respect to some negligence of the driver at that time.

On this subject there was much conflict of testimony and, while I think it indicates that the occurrence was a mere accident, I am not willing to disturb the verdict of the jury on that account.

But with respect to the claim that plaintiff was incapable of recovery by reason of her contributing to her injury by her own negligence, I have reached a different conclusion.

Plaintiff was a child of the age of ten years, and appears from the evidence to be (as the trial judge told the jury) of more than ordinary intelligence.

The trial judge laid down the rule of law with respect to her responsibility with substantial accuracy. She was evidently *sui juris,* and the jury were told to consider the degree of care and discretion which would be expected from her. The jury found by their verdict that she was not guilty of contributory negligence. In other words, she was at the time of the occurrence in the exercise of that degree of care which would reasonably be expected from a child of that age and intelligence.

The overwhelming weight of the evidence to the contrary, evinces that the verdict must be attributed to the prejudices or mistakes of the jury.

Plaintiff when struck was crossing a street by a crosswalk which was intersected and crossed by the street railroad then operated by defendant. The crosswalk was not at right angles to the curb or the railroad track, but, in the direction in which plaintiff was going, it made a very obtuse angle with the track in the direction in which the railroad car was coming. The line of approach of the two moving bodies was such that each nearly confronted the other. Under such circumstances

plaintiff, if she had looked in the direction in which she was going, must have seen the approaching horse car. It was impossible not to have seen it.

Yet she testifies herself that she did not see it until she was knocked down by the horses. The necessary inference is that she was looking in another direction than that in which she was going. She, when asked, does not deny this; and the testimony of every witness who has spoken on the subject is that she was looking to one side and running as she looked.

That one may walk upon a sidewalk and, relying on its continuity being unbroken for its whole width, may, without being guilty of negligence, permit his attention to be diverted from the pavement in front of him is undoubtedly settled law. *Houston* v. *Traphagen*, 18 *Vroom* 23; *Durant* v. *Palmer*, 5 *Dutcher* 544.

But such a rule is inapplicable to a pedestrian crossing a street used for the passage of vehicles drawn by horses. He is bound to look in the direction in which he is moving and to observe approaching vehicles. A determination that an intelligent child of the age of ten years is not negligent in crossing a street with its eyes and attention drawn in another direction from that in which it is moving cannot be sustained. Although the question of contributory negligence may properly be submitted to a jury, a verdict ignoring the plain inference from the facts is one proceeding from prejudice or passion, and not one that ought to be permitted to stand.

There is another ground on which this verdict ought not to be sustained.

The car in question had no conductor, and the evidence showed that the driver's duty was to collect fares, besides attending to the brake and driving and controlling the horses, and looking out for passengers.

The evidence was plenary that at the time of the occurrence the driver was not engaged in or distracted by the duty of collecting fares. There was no passenger within the car; the two passengers (who were riding on the front platform) had

paid their fares some time before reaching the place of the collision.

In any case, it would be proper to permit a jury to consider, in deciding upon a driver's negligence, the duties in which he was then engaged, such as the attention to the brakes and horses and the watching for passengers. These are duties generally imposed on drivers, even on cars supplied with conductors.

In the case before us the trial judge directed the jury that, in determining the care exercised by the driver at the time of the occurrence, they might consider the fact that one of his duties was the collection of fares. There are doubtless cases where such an instruction would be unexceptionable. But when the facts relied on clearly evince that the requirement to perform certain duties had no connection with or influence upon the situation it is erroneous to permit them to be considered. That course allows a jury to find negligence upon a ground negatived by the evidence. In other words, the jury were permitted to say the driver failed to exercise the required care because he was bound to perform a duty which at the time he was not performing and had no call to perform.

For these reasons the rule should be made absolute.