THE NORTH HUDSON COUNTY RAILWAY COMPANY, PLAINTIFF IN ERROR, v. VINCENT N. FLANAGAN, DEFENDANT IN ERROR.

1. The supplement to the "Act concerning railroads and canals" (*Rev. Sup.*, p. 824, ₰ 9), which requires every action for injuries caused by the wrongful act, neglect or default of a railroad corporation to be commenced within two years after the cause of action shall have accrued, does not apply to street railway companies.

2. Where a cause, which has been commenced in the Circuit Court, is sent to the Court of Common Pleas to be tried, by virtue of the provisions of the act of March 23d, 1892 (*Pamph. L.*, p. 224), and the trial actually takes place in that court, without objection being made by either party, the losing party cannot thereafter challenge the jurisdiction of the Pleas, provided that court had jurisdiction of the subject-matter of the suit, for, by going to trial without objection, he has submitted himself to the jurisdiction of the court.

3 A nonsuit should be ordered when it appears, from the plaintiff's own showing, that he contributed by his own carelessness to the happening of the accident by which he was injured, or when it appears that the accident was not the result of any wrongful or negligent act on the part of the defendant or of its employes.

On error to the Supreme Court. For opinion of the Supreme Court, see *ante p.* 236.

For the plaintiff in error, *George Holmes.*

For the defendant in error, *Thomas F. Noonan, Jr.*

The opinion of the court was delivered by

GUMMERE, J. This suit was brought by the defendant in error, the plaintiff below, to recover damages for personal injuries received by him by being run over by a horse-car of the plaintiff in error, the defendant below, and which was the result, as he claimed, of the negligence of the servant of the defendant in his management of the car. The case was tried at the Hudson Circuit and resulted in a verdict and judgment for the plaintiff. The defendant thereupon sued out a writ of error to the Supreme Court, and that court, after consider-

ing the errors assigned, affirmed the judgment of the Circuit Court. The judgment of that court was then removed here for review.

The first error alleged is that the Supreme Court wrongly held that the first section of the supplement of March 25th, 1881, to the "Act respecting railroads and canals" (*Rev. Sup.*, p. 824, § 9), which requires every action for injuries caused by the wrongful act, neglect or default of any railroad corporation owning or operating any railroad in this state, to be commenced within two years after the cause of action accrued, did not bar this suit, although it was commenced more than two years after the injuries for which the plaintiff sues, were received, for the reason that this act does not apply to street railway companies.

An examination of the "Act respecting railroads and canals" (*Rev.*, p. 909) cannot fail to convince that it was intended only to apply to what are known as steam railroads, and the act of March 25th, 1881, being a supplement to that act, must be construed as applying to the same subject-matter. The defendant corporation was engaged in operating a street railway, which is entirely dissimilar in every way from the class of railroads designated in the act. The limitation, therefore, contained in the supplement of 1881, and which was invoked by the defendant, is no bar to the plaintiff's action.

It is also assigned, as error, that, although this cause was begun in the Circuit Court, it was subsequently sent by that court, without the consent of the defendant, to the Court of Common Pleas for trial, under the act of March 23d, 1892. It is too late for the defendant now to take exception to this action of the Circuit Court, even if it be admitted to be unwarranted, for, by engaging in the trial before the Court of Common Pleas, it submitted itself to the jurisdiction of that court, and, as that court already had jurisdiction of the subject-matter of the suit, its right to try the case became complete when the parties to it submitted themselves to its jurisdiction. There was no error in the decision of the Supreme Court upon this point.

The next ground upon which the defendant relies for a reversal is that the trial court refused to nonsuit the plaintiff at the close of his case, and, it is insisted before us, that this refusal was erroneous, because the testimony showed that the plaintiff's own negligence contributed to the injury for which he sued, and also because the evidence failed to disclose any negligence upon the part of the defendant or its servants.

The testimony introduced by the plaintiff (who, at the time of the accident, was nine years of age) showed that he and some companions were playing a game of ball in a street through which the defendant operated its railroad. This street ran north and south, and the plaintiff and his companions were playing upon the easterly side of it. As the car of the defendant was approaching from the south, the plaintiff started to run across the street in front of it, for the purpose of avoiding being hit by the ball which was about to be thrown at him by one of the players. He ran diagonally across and in a northwesterly direction, at the same time looking over his right shoulder at the boy who was about to throw the ball at him. He was utterly unconscious of the approach of the car until he had reached the middle of the track, when, as he says, he heard the driver yell to him to "get out of that." Upon hearing the driver's call he stopped, and, turning around, saw the car horses within four feet of him. The next instant he was run down. So far as the case shows there were no obstructions of any kind to prevent the plaintiff from seeing the defendant's car, had he looked as he was crossing the street. His only reason for not seeing it was that he was engrossed in his game, and had his head turned in exactly the opposite direction to that from which the car was approaching. The rule is perfectly well settled that a person, crossing a street on foot, is bound to look out for approaching vehicles, and, if neglecting to do so, he is hurt, he will be considered to have contributed to the injury by his negligence, and will be barred from a recovery against the person who inflicted it. *Sheets* v. *Connolly Railway Co.*, 25 *Vroom* 518. It is urged, on behalf of the plaintiff, that

this rule only applies when the person injured is *sui juris*; that the plaintiff, although nine years old, was backward both mentally and physically, compared with other boys of his age, and that it was for the jury to say whether he was of sufficient intelligence to be chargeable with negligence in crossing the street as he did. We do not think that there is anything in the evidence to warrant the idea that this plaintiff had not sufficient mental capacity to know the danger of attempting to cross a street directly in front of a moving horse-car, and to avoid such danger. A boy of his age, even if mentally not up to the standard of other boys of the same age, is not in law altogether exempted from the exercise of care and prudence in approaching a known danger, and, when the evidence shows that he has been the heedless instrument of his own injury, he cannot recover. If it were necessary for us to decide this point in order to dispose of this case, we should be inclined to hold that the plaintiff was guilty of contributory negligence in acting as he did. But it is not necessary to put our decision upon this ground, for the reason that we find nothing whatever in the evidence to justify the conclusion that the defendant was negligent in the management of its car. It was moving at an ordinary rate of speed as it approached the spot where the accident occurred, and the driver appears to have had both his horses and his car under control. But it is claimed that the driver was negligent in shouting to the plaintiff just as he was in the act of crossing the track, thereby causing him to stop; and it is said that the evidence warrants the conclusion that the plaintiff would have crossed the track in safety had he not been stopped by the driver's call.

Admitting that this is true, it does not follow that there was anything culpable or negligent in the conduct of the driver in shouting at the plaintiff as he did. He certainly had no reason to imagine that his doing so would have the effect of stopping the plaintiff just at the point of greatest danger, instead of causing him to hurry away from it. We think that the conduct of the driver, in the emergency which

confronted him, was that of a prudent man, and that he was justified in supposing that his shouting at the plaintiff would bring about the result which he desired, namely, of frightening him off the track.

For this reason the trial court erred in refusing the motion to nonsuit, and the judgment of the Supreme Court must, therefore, be reversed.

*For affirmance*—None.

*For reversal* — THE CHANCELLOR, DIXON, GARRISON, GUMMERE, MAGIE, REED, BOGERT, BROWN, SIMS.    9.