82    NEW JERSEY SUPREME COURT.

Markey v. Consolidated Trac. Co.    65 N. J. L.

JOHN MARKEY (BY HIS NEXT FRIEND) v. THE CONSOLIDATED TRACTION COMPANY.

Argued February 28, 1900—Decided June 11, 1900.

1. A jury should not be controlled in its action, except when the testimony will support no other verdict than that which is directed.
2. The capacity of a child between four and five years of age to care for its own safety is a question for the jury and not for the court.
3. A child who, by reason of its mental capacity, is *non sui juris*, is not to be charged with the negligence of the person in whose custody it is.

On error to the Essex Circuit Court.

Before DEPUE, CHIEF JUSTICE, and Justices VAN SYCKEL and GUMMERE.

For the plaintiff in error, *Jarvis N. Atkinson* and *Joseph Coult*.

For the defendant in error, *Samuel Kalisch*.

The opinion of the court was delivered by

GUMMERE, J. John Markey, the defendant in error, who was between four and five years old on the 26th of April, 1896, brings this action to recover damages for injuries received by him through being run down on that day by one of the trolley cars of the plaintiff in error, the Consolidated Traction Company. There was a verdict for the plaintiff on the trial in the court below, and we are now asked to set aside the judgment subsequently entered thereon, for certain errors alleged to have occurred during the trial of the cause.

The first error which the defendant below assigns is the refusal of the trial judge to direct a verdict in its favor. In support of this assignment it is said to be undisputed that, as the car approached the place where the accident happened, the plaintiff was standing upon the curbstone; that he suddenly left the curb and started across the street; that as soon as the motorman saw the plaintiff walking across the street he re-

versed his power and put on his brakes, using every effort to stop his car promptly. These facts, it is argued, make it manifest that the injuries of the plaintiff are not the result of any want of care on the part of the company in the running of its car. This, it seems to us, is a *non sequitur.* If the motorman, under the conditions stated, was unable to stop his car in time to prevent the running down of the plaintiff, that fact alone required the submission of the case to the jury for the purpose of determining whether the car was not being run through the street at a rate of speed sufficiently high to indicate negligence in its operation.

The second assignment of error is based upon the refusal of the trial court to charge the jury that "if it appeared from the evidence that the plaintiff walked with his back toward a moving car, and stepped upon the track so close to it that the motorman could not stop the car in time to avoid the accident, the plaintiff cannot recover."

This request was properly refused. The facts stated in it, assuming them to have been established by the evidence, do not necessarily lead to the conclusion either that the motorman was free from blame, or that the plaintiff was guilty of contributory negligence. The inability of the former to stop his car may have resulted from his carelessness in not having it under proper control when he first observed the plaintiff approaching the track. Nor can it be said as a matter of law that the act of the plaintiff, in walking backward toward the moving car, was negligence in one of his age. Many decided cases hold that children of so tender an age are *non sui juris.* But even if this be not invariably true, it must, at least, be always questionable whether a child between four and five years old is of sufficient age and discretion to be capable of caring for his own safety, and the question of his capacity, and its degree, is for the jury.

The third assignment of error is based upon the refusal to charge "that if it appear from the evidence that the plaintiff's mental condition was affected previous to the time of the injury, and that he was not in the possession of all of his faculties at the time he was injured, the parent, or other person having

charge of the plaintiff, is guilty of negligence in permitting the plaintiff to run about unattended, and that the negligence of such custodian must, as regards third persons, be held in law to be the negligence of the plaintiff himself." In the case of *Newman* v. *Phillipsburg Horse Railroad Co.*, 23 *Vroom* 446, this court decided that an infant of tender years is not to be charged with the negligence of the person in whose custody it is, and the doctrine of that case was affirmed by the Court of Errors and Appeals in *Traction Co.* v. *Heitman's Administrator*, 32 *Id.* 682. The reasoning upon which the conclusion in the Newman case is founded, makes it manifest that a child who, by reason of mental infirmity, is *non sui juris* stands upon the same plane as one who is too young to be capable of any care for its own safety, so far as the non-imputability to it of the negligence of its custodian is concerned. The request under consideration could only have been charged by disregarding the law as laid down in the cases referred to.

The other assignments of error were not considered by counsel for the defendant sufficiently meritorious to justify an argument in their support. Our examination of them discloses nothing which requires discussion.

The judgment of the Circuit Court should be affirmed.