PETER L. VANDEGRIFT, ASSISTANT DAIRY COMMISSIONER, v. ANTON MEIHLE.

Argued November 13, 1900—Decided February 25, 1901.

1. In reviewing a summary conviction, if there was legal evidence before the court below upon which the certified judgment can be based, this court will not reverse because the evidence would lead it to a different conclusion.

2. The rule that exceptions in a statute must be negatived in pleading does not apply where the exception is found in a separate substantive clause.

3. In the proceeding to recover a penalty for the violation of placitum 36 of the act to prevent the adulteration of milk (*Gen. Stat.*, *p.* 1170), it is not necessary to show the particular manner in which the analysis was conducted. All that it was necessary to allege or to prove was that the milk contained more than eighty-eight per centum of watery fluids, or less than twelve per centum of milk solids.

4. It was not necessary to aver or to prove that the milk in question was, to the knowledge of the defendant, below the required standard. It is competent for the legislature to declare that the

doing of an act shall subject the doer thereof to a penalty irrespective of his motive or knowledge, and in such case the courts have no power to require proof of knowledge or motive to be shown.

5. The testimony of the chemist who made the analysis of the milk, that he was duly appointed for that purpose, is *prima facie* evidence of his official character.

6. Where the statute fixes the precise penalty and provides that it shall be paid into the treasury of the state, a judgment that "the defendant has violated the statute and that he pay the sum of fifty dollars to be disposed of as the law directs" is sufficient.

7. Where no discretion is vested in the justice, it is sufficient if the conviction provides that the penalty is to go as the law directs.

On *certiorari* to review summary conviction.

Before Justices VAN SYCKEL and FORT.

For the plaintiff, *Charles V. D. Joline.*

For the defendant, *Louis H. Miller.*

The opinion of the court was delivered by

VAN SYCKEL, J. This is a prosecution for selling adulterated milk contrary to the fourth section of the act of 1882. *Gen. Stat., p.* 1170, *pl.* 36.

The *certiorari* is prosecuted to review the summary conviction of the defendant, Meihle, before a justice of the peace.

This court will not review the decision upon questions of fact. If there is legal evidence before the court below upon which the certified judgment can be based, this court will not reverse because the evidence would lead it to a different conclusion. *South Brunswick* v. *Cranbury,* 23 *Vroom* 298.

The grounds relied upon to reverse the conviction, so far as we deem them of sufficient importance to be considered, are:

*First.* That the complaint failed to negative the fact that the milk was not skimmed milk, duly labeled as required by the first section of the act of 1882.

In support of this contention the case of *Jacobus* v. *Meskill,* 27 *Vroom* 255, is cited, which holds that there must be an

averment that the party is not within the exceptions stated in the statute.

That rule applies only where the subject of any exception is found in the enacting or prohibitory clause. Where it is found in a separate substantive clause, as in this case, it need not be noticed in the pleadings. In the latter case the Court of Errors and Appeals has held it to be only a distinct matter of defence in the recent case of *Mayer* v. *State, 35 Vroom* 323.

The same distinction has since been observed in *State* v. *Marks,* 36 *Vroom* 84.

*Secondly.* It is insisted that the conviction cannot stand, because the samples of milk were not sent either to a member of the council of public analysis, or to the chemist of the state experimental station.

That was a requirement of the seventh section of the original act, which was changed by the amendment of February 24th, 1887, providing that the analysis may be made, as it was in this case, by a chemist appointed or designated by the state board of health. *Gen. Stat., p.* 1172, *pl.* 50.

*Thirdly.* There is also alleged infirmity in the matter of analysis.

The law does not specify the manner in which the analysis shall be conducted.

This is not a proceeding under section 41 of the act (*Gen. Stat., p.* 1170), but a summary proceeding to recover a penalty for having in possession, for the purposes of sale, adulterated milk under placitum 36 of the act. *Gen. Stat., p.* 1170.

All that it is necessary to aver or to prove is that the milk alleged to be adulterated contained more than eighty-eight per centum of watery fluids, or less than twelve per centum of milk solids. The presence of the one or the absence of the other stamps it as adulterated milk.

There was evidence from which the jury had a right to infer that the milk in question was of the penalized character.

That question of fact is not subject to controversy here.

The case of *Shivers* v. *Newton,* 16 *Vroom* 475, was not a prosecution under placitum 36 of the act, and does not rule this case.

Shippen Wallace, who made the analysis, was sworn as a witness in the cause, and testified to the fact of adulteration.

*Fourthly.* It is contended that the failure to prove on the trial that the defendant had knowledge that the milk was below the standard was fatal to the plaintiff's case.

It was not necessary either to aver or prove such knowledge.

That subject is elaborately discussed in *State* v. *Halsted,* 10 *Vroom* 402; *affirmed,* 12 *Id.* 552.

The rule recognized in that case is, that where a statute specifically defines what acts shall constitute a misdemeanor, it is sufficient in the indictment to bring the defendant within the statutory description of the crime. The distinction is between cases where a legislative act forbids a ministerial officer to do an act, which, by reason of such prohibition, becomes indictable at common law, and cases where the statute declares what shall be indictable. In the former case, under the common law, allegation of corrupt intent or guilty knowledge is essential in the indictment; in the latter it is otherwise.

Chief Justice Beasley in his opinion, reviewing this case in the Court of Errors and Appeals (12 *Vroom* 592), says: "As there is an undoubted competency in the lawmaker to declare an act criminal, irrespective of the knowledge or motive of the doer of such act, there can be of necessity, no judicial authority having the power to require, in the enforcement of the law, such knowledge or motive to be shown."

See also *State* v. *Reynolds,* 36 *Vroom* 424.

There is nothing in the law or in the character of the forbidden act which indicates a legislative intent to make guilty knowledge a circumstance necessary to be proven.

If such a provision is engrafted upon the statute by judicial interpretation, it would furnish very slight protection to the public.

*Fifthly.* It is objected that there was no competent proof on the trial below that the chemist who made the analysis was appointed by the state board of health.

The chemist testified that he was a chemist and was duly appointed and acted in the case.

· That was sufficient *prima facie* evidence of his official character, and there was no counter testimony offered on that subject.   *Den* v. *Pond, Coxe* 379; *Brewster* v. *Vail, Spenc.* 56; *Conover* v. *Solomon, Id.* 295; *Perth Amboy* v. *Smith,* 4 *Harr.* 52; *State* v. *Ferguson,* 2 *Vroom* 107; *Gilbert* v. *Patterson,* 3 *Id.* 177.

The only remaining reason for reversal that we consider it necessary to notice is, that the judgment of the justice does not adjudge to whom the penalty shall be paid.

The judgment is in the form following:

"It is adjudged that for the offence aforesaid the defendant, Anton Meihle, has forfeited, and that he does pay the sum of fifty dollars lawful money of the United States of America, to be disposed of as the law directs, and three dollars and forty-two cents costs of suit."

The statute fixes the penalty at $50, and provides that it shall be paid into the treasury of the state.   *Gen. Stat., p.* 1170, *pl.* 37 and *p.* 1171, *pl.* 42.

Where the statute, as in this case, makes a definite and specific disposal of the penalty to be imposed, the judgment of conviction need not contain an express award to that effect.

*In re Boothroyd,* 15 *Mees. & W.* 1, Chief Baron Pollock, in discussing the objection that the conviction improperly directed the penalty to be paid "as the law directs," said: "I think the true rule is that where the justices are to exercise a discretion, they must show on the face of the conviction that they have done so; but if no discretion is vested in them, then it is sufficient for the conviction to state that the penalty is to go as the law directs." *Paley Sum. Convic.* 285, 289.

The judgment below should be affirmed, with costs.