## DELLA SMITH, BY NEXT FRIEND, v. NORTH JERSEY STREET RAILWAY COMPANY.

Argued November 10, 1905—Decided February 26, 1906.

The degree of care and caution to be exercised by a child, which may be deemed *sui juris,* is such as it would be reasonable to expect of persons of similar age, judgment and experience; whether that degree of care and caution has been exercised by the child in the given case is generally, if not always, a question for the jury.

---

On rule to show cause why a verdict in favor of the plaintiff should not be set aside.

Before Justices FORT, GARRETSON and REED.

For the plaintiff, *Maximilian T. Rosenberg.*

For the defendant, *William D. Edwards.*

The opinion of the court was delivered by

FORT, J. The plaintiff, a child of eight years and six months of age, brings this suit, by her next friend, to recover for alleged injuries received upon the public highway in Jersey City by being run down by a trolley car of the defendant company.

The evidence showed that the child started to run across the street and ran over the tracks of the defendant company, and something frightened her and she turned back, when, as she thus turned toward the track, the car fender hit her.

She was, under the proof, in full view of the motorman.

The car was going, according to the plaintiff's proof, very fast. One witness said the car was going faster than he had ever seen it pass there, and that no bell was ringing.

The accident was not upon the sidewalk, but in the roadway between the street crossings. The whole thing was done in a flash, as one of the witnesses states it.

The defendant's proof was that the car was stopped within a few feet, and the motorman testified that the girl came out upon the car suddenly from behind a truck. Other witnesses testified that there was no truck there, but that the street was clear.

On the question of the negligence of the defendant's motorman as to the care he was taking in operating the car, we think it was a question for the jury, and that the trial justice rightly refused to nonsuit or direct a verdict for the defendant on the ground that the defendant's agent was without negligence.

Whether a child of eight years of age is guilty of contributory negligence in crossing a public street in the middle of a block, on a run, when a trolley car is not farther than fifty feet away from her, is, we think, a question for the jury. *Stone* v. *Dry Dock, &c., Railroad Co.,* 115 *N. Y.* 104.

Judge Andrews, in *Stone* v. *Dry Dock, &c., Railroad Company, supra,* speaking for the court, says: "The child was lawfully in the street. In attempting to cross she was struck by the horse on the defendant's car and was run over and killed. The evidence would have justified the jury in finding that when the child stepped down from the curbstone the car was fifty or more feet away, and the distance from the curbstone to the track of the defendant's road was less than twelve feet. The child, if she saw the car, might very well have supposed that she could get over the track before the car passed.

"It was, we think, for the jury to say whether the child's conduct was unusual or unnatural for a child of her years. She probably did not appreciate the rapidity of the movement of the car, nor could it be expected that she could weigh the circumstances or fully understand the danger of attempting to cross in front of the car. It was for the jury to judge whether the conduct of the child in crossing the street to join another child engaged in roller skating on the opposite side was characterized by any want of that degree of care which children, under similar circumstances, would usually exercise."

In Traction Company v. Scott, Judge Hendrickson, speaking for the Court of Errors and Appeals, said: "When a child has reached the age of discretion, and is considered *sui juris* as a matter of law, the degree of care and caution required of him will be no higher than such as is usually exercised by persons of similar age, judgment and experience. And whether that degree of care and caution has been exercised by the child in the given case is usually, if not always, a question of fact for the jury." *Traction Company v. Scott, 29 Vroom* 682.

The rule stated in the case of Traction Company v. Scott, it is contended, has been somewhat modified by the later case of Fitzhenry v. Consolidated Traction Company, but I am unable to read it so. In the later case, Judge Hendrickson, who also wrote the previous opinion, takes occasion to re-affirm what he said in Traction Company v. Scott, that even in the case of children *sui juris* "the question of contributory negligence is generally, if not always, a question for the jury." What he does say in the Fitzhenry case is this: "The salutary rule of duty which requires the ordinary traveler, on crossing a street railway, to · use his powers of observation to discover approaching vehicles, and his judgment how and when to cross without collision, is also binding upon the child that is *sui juris;* and if the facts are undisputed, and it appears clearly that he has acted in entire disregard of that degree of prudence which may be reasonably expected from one of his years, and he suffers injury thereby,

he cannot recover, and in that case the question of contributory negligence becomes one for the court to determine." *Fitzhenry* v. *Consolidated Traction Co.,* 35 *Vroom* 674, 678.

We think that the care and caution required of a child is according to his maturity and capacity only, and that is to be determined in each case by the circumstances of that case, and that unless the facts are undisputed, and it clearly appears that he has acted in entire disregard of the degree of prudence which would be reasonably expected from one of his years, the question of his contributory negligence is one for the jury. 7 *Am. & Eng. Encycl. L.* (*2d ed.*) 406.

In this case we think the learned trial justice also rightly refused to nonsuit or direct a verdict for the defendant on the ground of contributory negligence in the plaintiff.

It is further contended that the damages are excessive. The verdict was for $5,000, and the injury consisted in the loss of three fingers on the left hand. The thumb and first finger, the doctor testified, are now complete for all ordinary utility. The cut is all healed and the first finger perfect. For such an injury the damages awarded are clearly excessive.

If the plaintiff will consent to a reduction of the verdict to $2,500, the rule will be discharged; otherwise, it will be made absolute.