MADELINE SCHNEIDER, DEFENDANT IN ERROR, v. THOMAS J. WINKLER, PLAINTIFF IN ERROR.

Submitted July 8, 1906—Decided November 12, 1906.

1. A child, six years of age, walking along a public street, fell into an opening in the sidewalk and was injured. The opening was next to a building fronting on the street and in front of a show window of a candy store. It was provided with an iron door which, when closed, made a uniform surface of the sidewalk. It opened outwardly from the building, and when open was a protection to the outward side of the opening, and when so open, an iron bar extended from the east end of the door to the building, about three feet above the sidewalk. *Held,* it was a question for the jury whether the opening was properly guarded.

2. A child, six years of age, is not chargeable with contributory negligence.

On error to the Monmouth Circuit Court.

Before Justices FORT, GARRETSON and REED.

For the plaintiff in error, *James D. Carton.*

For the defendant in error, *Charles E. Cook.*

The opinion of the court was delivered by

GARRETSON, J.   The plaintiff is a girl about six years of age; the defendant is a confectioner and baker, carrying on his business in a store fronting on Madison avenue, in Asbury Park.   The store is about thirty-eight feet wide and the front consists, beginning at the east, of the wholesale department of the defendant's business; then a hallway with stairs leading to the apartments above, and then the retail department of the defendant's business—that is, the candy and bakery department.   In the front of the retail department are two windows and an entrance between.   In one window was a display of articles from the bakery and in the other a candy display.   In front of the most easterly window of the retail department and on the sidewalk is a cellarway or area about three feet three inches wide and about six feet long, with stairs leading down from the westerly end of the areaway. The opening was adjoining the building and the long dimension was along the building.   Covering the areaway was a steel or iron door, which, when closed, was flat with the sidewalk, and which opened outwardly from the building toward the middle of the street.   When the areaway was in use and the iron door was open the door was held up by an iron rod about three-quarters of an inch in thickness, fastened to the easterly end of the door about three feet three inches above the sidewalk and sloping to the building, where it was about one foot four inches above the sidewalk.   The sheet-iron door, when closed, formed part of the sidewalk, and when it was raised up there was an opening in the sidewalk of the size of the door and of the depth of six and a half to seven feet. The plaintiff was lawfully using the sidewalk, being with its aunt and mother.   The aunt stopped at the door of the wholesale department and attempted to go in, but found the door locked; the child at this time was going on from the east towards the window in which was the candy, and either fell over or under the rod which held up the iron door and was precipitated into the area or cellar.   She was injured, and brings this suit to recover damages for her injuries.

There are no exceptions whatever which have been sealed,

and the court is therefore not required to consider the case at all. But we have concluded to dispose of the exceptions as if they had been actually sealed.

Four exceptions were taken. The first is as to a question asked of a witness whether the opening was in front of the store of the defendant. No assignment of error covers this exception; it has not been argued; we are not able to see any objection to it in the connection in which it appears.

At the end of the entire charge the defendant, by his counsel, prayed a bill of exceptions—it does not say so, but we presume it is a general exception to the charge. Such an exception cannot be considered, for the reason that the court, when the charge is concluded, has a right to know to what particular part of the charge exception is taken, to the end that the court may have opportunity to correct it to the jury if satisfied that the exception is well taken.

There remain to be considered only the exceptions to the refusals to nonsuit and direct a verdict for the defendant.

It is well settled that one who obstructs a sidewalk by placing excavations in it is bound to render it safe to the public. *Durant* v. *Palmer*, 5 *Dutcher* 544; *Houston* v. *Traphagen*, 18 *Vroom* 23; *Quimby* v. *Filter*, 33 *Id.* 766; *Temperance Hall Association* v. *Giles*, 4 *Id.* 260. And it is a question for the jury to determine whether the safeguards provided against the danger are sufficient. This was submitted to the jury with proper instructions.

The plaintiff, being a child under the age of seven years, could not be charged with contributory negligence. The rule laid down by the judge in his charge upon that branch of the case was in accordance with the law of this state. *Newman* v. *Railroad Co.*, 23 *Vroom* 446.

The judgment below is affirmed.