WILLIAM S. HARBISON v. CAMDEN AND SUBURBAN RAIL-
WAY COMPANY.

Submitted July 6, 1906—Decided February 25, 1907.

In an action for personal injuries, where the facts will not support a finding of negligence on the part of the defendant or his servants, or where the facts conclusively show contributory negligence on the part of the plaintiff, a nonsuit should be directed.

On error to Camden Common Pleas.

Before GUMMERE, CHIEF JUSTICE, and Justices GARRISON and SWAYZE.

For the plaintiff in error, *Francis D. Weaver.*

For the defendant in error, *Edmund B. Leaming.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This suit was instituted to recover compensation for injuries received by the plaintiff from a collision with one of the trolley cars of the defendant company on Kaighn avenue, in the city of Camden. The case made by him at the trial was this: He got upon his bicycle on Kaighn avenue about a block east of the point where the avenue is crossed by the tracks of the West Jersey and Seashore Railroad Company and rode along the avenue toward the crossing. He kept on the north side of the track of the defendant company's railway which is laid through the avenue —in other words, he traveled on the right-hand side of the avenue for about half a block, keeping close to the trolley track (within a foot or two of it), and then suddenly turned across it towards the left-hand side of the street. Just as he got upon the track he was struck by the car which was proceeding along the street in the same direction as the plaintiff. Plaintiff was unaware of the proximity of the car as no gong was rung upon it, and he did not look to see if the track was clear before attempting to cross. These being the facts in evidence when the plaintiff rested his case the trial judge directed a nonsuit. Plaintiff now assigns error upon that direction.

On the facts stated the nonsuit was properly ordered on either of two grounds. In the first place, these facts do not speak negligence on the part of the motorman operating the defendant company's car. The plaintiff was riding on the right-hand side of the avenue which by "the law of the road" was his proper place. At the point where he attempted to cross over to the other side there was no intersecting street or anything else to suggest to the motorman the probability of his attempting to do so, nor did the plaintiff do anything before making the attempt to suggest to the motorman his intention. He did not even look around in the direction of

the car, and thereby perhaps indicate that its proximity might be a matter of moment to him. The failure of the motorman to anticipate the plaintiff's action was, therefore, not negligent, and as he had no reason to anticipate such action there was no cause for the ringing of his gong. Nor can the failure of the motorman to stop the car, after the plaintiff started to cross the track, in time to prevent the collision, be deemed negligence on his part. The fact that the plaintiff was not more than a foot or two from the track when he turned to cross it, coupled with the further fact that he was struck just as he got upon the track, demonstrates that the car was so close upon the plaintiff, when his intention to cross over was first made manifest to the motorman, that the bringing it to a standstill before colliding with him was an impossibility.

In the second place, the failure of the plaintiff to look behind him before attempting to cross over, and so ascertain whether or not he would be in jeopardy by doing so from the approach of the car, was itself an act of negligence which was largely, if not wholly, responsible for the accident. That such failure on the part of the plaintiff will bar a recovery for injuries received by him has been frequently declared by our courts. *North Hudson Railway Co.* v. *Flanagan, 28 Vroom 696; Jewett* v. *Paterson Railway Co., 33 Id. 425; Fitzhenry* v. *Consolidated Traction Co., 35 Id.* 674; *Hannon* v. *North Jersey Street Railway Co., 36 Id.* 547; *Solatinow* v. *Jersey City, &c., Railway Co., 41 Id.* 154.

The judgment under review should be affirmed.