TAMMY BAKER v. PUBLIC SERVICE RAILWAY COMPANY.

Argued November 5, 1909—Decided February 21, 1910.

1. Where a child is under seven years of age, there is a presumption that it is not guilty of contributory negligence, and in the absence of proof to the contrary, the judge is justified in taking this question from the jury.
2. A verdict of $8,000 for the loss of the leg of a girl six years of age not allowed to stand under the circumstances of this case.

On rule to show cause.

Before Justices SWAYZE, TRENCHARD and PARKER.

For the plaintiff, *Chauncey G. Parker* (*Samuel Kalisch* on the brief).

For the defendant, *Leonard J. Tynan.*

The opinion of the court was delivered by

SWAYZE, J. This is a rule to show cause allowed to the defendant, against whom a verdict for $8,000 was recovered. The rule is limited to the grounds that the damages are excessive and the verdict contrary to the weight of evidence. This course was pursued in the case of *Blonski* v. *American Enameled Brick and Tile Co.*, 47 *Vroom* 89, but when the case came before this court, we assumed that the weight of evidence was such that the jury was justified in accepting the view of the plaintiff. We held that the rule to show cause must be made absolute because, even upon the assumption that the plaintiff's view was correct, there was no evidence of negligence, the result of which necessarily was that a nonsuit should have been granted. It is quite beyond the power of the trial judge in a Supreme Court issue to limit the power of this court to review the trial, where a rule to show cause is allowed. The reason is obvious. This court has the

right to disregard the rule allowed by the trial judge and to allow a rule itself, as broad as the necessities of the case require. We have therefore considered the whole case regardless of the limitations contained in the rule.

The conflict between the testimony on the part of the plaintiff and that on the part of the defendant is such that it was clearly a jury question whether the witnesses for the plaintiff or those for the defendant were to be believed. The plaintiff was a few days under six years of age at the time of the accident and the judge charged the jury that contributory negligence could not be attributed to her. The defendant now urges that this question should have been left to the jury, and relies upon *Markey* v. *Consolidated Traction Co.*, 36 *Vroom* 82. That case, however, is not an authority in point. It was there held that even if a child of so tender an age as five years was not *sui juris,* as a matter for the court to decide, it was always questionable whether he had sufficient age and discretion to be capable of caring for his own safety, and that in such a case the court could not be required to charge that the plaintiff could not recover by reason of contributory negligence. The question as to the contributory negligence of children of tender years is, from the nature of the case, one that cannot be settled by definite rules. There are numerous cases of children who have been held to be so young that the court was justified in holding that they could not be charged with negligence. There are other cases of children of tender years who have been held to be of such an age that the court is justified in holding them to be guilty of contributory negligence. The numerous cases are collected in 29 *Cyc.* 537, 538, 539. It is there said that "practically no cases are found which hold that a child under six years of age can be charged with negligence. The decisions are conflicting as to whether children of six are chargeable with negligence or not, some holding that they are not, others that they may be, although not as a matter of law."

It would be convenient if the court could adopt the rule which seems to have been adopted by the more recent cases in Illinois, and hold, in analogy to the rule which exempts

children under seven from criminal responsibility, that they are not to be charged with contributory negligence until they have reached at least that age. *Illinois Central Railroad Co.* v. *Jernigan.* 198 *Ill.* 297. This rule, however, has never been adopted in this state and it is opposed by a decision of so eminent a court as that of Massachusetts. *Hayes* v. *Norcross,* 162 *Mass.* 546. Without adopting the Illinois rule, we think, however, it is safe to say that there is a presumption that a child under seven years of age is not guilty of contributory negligence, and while we do not undertake to say that this presumption may not be overcome by proof on the part of the defendant, such proof was absent in this case, and the judge was therefore justified in taking the question of contributory negligence from the jury.

The charge of the judge was, upon the whole, favorable to the defendant, even in the respects of which complaint is now made. For instance, he charged that the defendant would be liable if there were no wagons in the streets, and if the view of the motorman was unobstructed and he could see quite a considerable distance and his car was going slowly. The effect of this was to require proof of all these facts on the part of the plaintiff, but it is obvious that not all of them were necessary for the plaintiff's case, in order to justify a verdict in her favor. So, too, the complaint that he stated as a fact that a bell on the car was not sounded, when the proof was only that the witnesses did not hear it, is not well founded; the remark was not injurious to the defendant, for it was coupled with the statement that that fact was not necessarily evidence of neglect, "because there is no law requiring the ringing of a bell."

The jury awarded the plaintiff $8,000. As we said in McDermott *v.* Public Service Corporation, the parents are legally liable for the plaintiff's support until she attains the age of twenty-one, and are entitled to her earnings. Their loss is the subject of another action and cannot be included in the damages awarded the present plaintiff. In theory of law, the amount received by the plaintiff will be invested by

her guardians for her benefit until she attains her majority. With interest at four per cent. the accumulations would add several thousand dollars to the amount she receives, and upon this total she will receive interest during her natural life, and the principal will remain intact at her death. There is nothing in the case to show that these considerations were brought to the attention of the jury. Whether the verdict would have been as large if they had been presented, we cannot know, but the amount is such that we think justice requires that there should be a new trial. The rule will therefore be made absolute.