THOMAS VERDON, BY HIS NEXT FRIEND, v. THE CRESCENT AUTOMOBILE COMPANY.

Argued February 17, 1910—Decided June 14, 1910.

1. A boy, seven years of age, of ordinary intelligence, sufficiently so to be allowed by the trial court to be sworn and testify regarding occurrences resulting in his being struck and injured by an automobile on a public highway, is not altogether exempted from the exercise of care and prudence in approaching a known danger, and if it appears that he is *sui juris*, and that he has been the heedless instrument of his own injury, he cannot recover.

2. To instruct the jury that it was a question for them to settle whether, having seen plaintiff seventy-five feet away, it was not the duty of the defendant to decrease the speed of an automobile so as to have it under such reasonable control as not to run against plaintiff, "even if he was acting in the most careless way possible," is error.

On rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices BERGEN and VOORHEES.

For the plaintiff, *Alexander Simpson.*

For the defendant, *McDermott & Fisk.*

The opinion of the court was delivered by

BERGEN, J. The plaintiff, a boy seven years of age, possessed of the mental capacities natural to an ordinary person of that age, ran across a public highway from the west to the east side, to recover a ball thrown from the west, and as he was picking it up saw defendant's automobile approaching, about seventy-five feet away. he then started to return to the west side of the road, and after proceeding in that direction about fifteen feet, suddenly turned and ran towards the east. When the driver of the machine saw the boy start to go west he turned the machine to the east in order to avoid striking him, and

when the boy undertook to return to the east side of the highway, thus bringing him within the course of the machine, the driver turned the car sharply to the left or east, for the purpose of avoiding the boy, but was not able to do so, and the front left guard struck him, causing the injuries, and to recover damages therefore this suit was brought. The plaintiff having a verdict for $1,200, this rule to show cause why it should not be set aside was allowed. Numerous reasons in support of the rule are urged, but the only one which we consider sufficient to warrant us in setting aside the verdict relates to instructions given by the court to the jury as follows (referring to the testimony of the men in the car) : "They both say that the boy, when he first saw them, started to go back, and when he turned the machine was then only about twenty feet away. That is a question for you, gentlemen, to settle, whether or not, having seen the boy, as they say they did, seventy-five feet away, it was not their duty to decrease the speed of the machine so as to have it under such reasonable control as would enable them to stop, if necessary, in order not to run against the boy, *even if the boy was acting in the most careless way possible and running in front of the machine."* This instruction eliminated all question of contributory negligence on the part of the plaintiff, and in effect charged the jury that the machine must be under such control that the defendant could immediately stop it if the plaintiff, by the most careless act possible, heedlessly came in contact with the machine. Under the charge, if the driver saw the boy standing motionless in the road, and not within the line of the course he was following, looking directly at him as he approached, he would be liable for the injuries caused by striking plaintiff, even if he suddenly and in the most careless manner ran in front of the machine as it came near him. This instruction amounted to a direction of a verdict for the plaintiff, because the evidence was conclusive that the defendant did not have such control of the machine as to stop it and prevent a collision, if the boy was acting in the most careless manner possible. The substance of the defence was that the boy, seeing the defendant coming, started to run away in one direction, and the driver,

to avoid striking him, turned the machine in the other, and when only twenty feet away from the boy, he suddenly turned towards the machine and carelessly ran in front of it with full knowledge of the danger he was running into, and to instruct the jury that the most careless act of the plaintiff would not excuse the defendant swept away the defence.

The instruction is clearly erroneous unless the age of the plaintiff excuses him from the application of the rule relating to contributory negligence. There being no evidence to the contrary, and the plaintiff having been sworn and allowed to testify in his own behalf, the presumption is that he had the mental capacity usually possessed by a boy of the age of seven years. The evidence shows that when he saw the automobile coming he knew that he was liable to be injured unless he ran out of its course, and this he undertook to do, indicating that he fully appreciated the danger of his position, and there is nothing in his conduct, or in the character of his testimony, as it appears in the record, to warrant the inference, as a matter of law, that he was so immature as to be absolved from exercising reasonable care and prudence. *Sheets* v. *Connolly Railway Co.,* 25 *Vroom* 518; *Brady* v. *Consolidated Traction Co.,* 34 *Id.* 25; *North Hudson* v. *Flanagan,* 28 *Id.* 696. In the latter case, Chief Justice Gummere, speaking for the Court of Errors and Appeals, said: "A boy of his age (nine years), even if mentally not up to the standard of other boys of the same age, is not in law altogether exempted from the exercise of care and prudence in approaching a known danger, and when the evidence shows that he has been the heedless instrument of his own injury he cannot recover."

In the case under consideration it was at least a jury question whether the plaintiff was *sui juris* or not, and the court was not justified in assuming, as a matter of law, that he was of such immature age that he could not be charged with contributory negligence even if he acted "in the most careless way possible."

For this error the rule must be made absolute.