LORNA FRANCIS, DEFENDANT IN ERROR, v. ATLANTIC CITY GAS COMPANY, PLAINTIFF IN ERROR.

Argued June 19, 1912—Decided November 18, 1912.

In an action by a child eight years of age for personal injuries caused by a motorcycle striking her, the judge charged that if the jury found that the plaintiff had started to cross the street, had stopped, and then started back on a walk and was struck, they had a right to infer that the cyclist was negligent; that it was the duty of the cyclist to be on the lookout so that in the event that anyone crossed in front of his path, and that person had secured the right of way, he might be in a position to stop the motorcycle; that by securing the right of way was meant that if the child, starting across from the sidewalk, had gotten into the street, and, if she saw the motorcycle, thought she could get across in advance of it, she had a right to suppose that the cyclist would govern his conduct and stop the motorcycle before it ran her down. *Held,* that this instruction was erroneous because it permitted an inference of negligence from the mere fact of collision, no matter how negligent the child may have been, and because it made the right of way depend on whether the child thought she could get across in advance of the motorcycle without regard to negligence of either party, and permitted the cyclist to be held responsible although she ran suddenly and carelessly in front of his wheel.

On error to the Atlantic Circuit Court.

For the plaintiff in error, *Bourgeois & Coulomb.*

For the defendant in error, *Chandler & Robertson.*

The opinion of the court was delivered by

Swayze, J. This is an action for an injury to the plaintiff, a child about eight years of age, by a motorcycle controlled by a servant of the defendant company which struck her in the public street. We think there was evidence requiring the case to be submitted to the jury, but we find error in the trial. The learned trial judge charged the jury that if they found it to be a fact that the plaintiff had started across the street and had stopped and then started back on a walk and was struck by the cyclist, they had a right to infer from that that he was not exercising ordinary care and that he was negligent. He afterward told them that it was the duty of the cyclist to be on the lookout so that in the event that anyone crossed in front of his path and that person crossing his path had secured the right of way he might be in a position to stop the motorcycle. He then added these words: "And when I say had secured the right of way, I mean that if this child, starting across from the sidewalk on to the street had gotten into the street, and if you find that the child, if it saw this motorcycle, thought it could get across in advance of the motorcycle, she had a right to suppose that the motorcyclist would govern his conduct and stop the motorcycle before it ran her down." The effect of this charge was to permit the jury to infer negligence from the mere fact of the collision, no matter how negligent the child herself may have been. That the child was of such an age that she might perhaps be charged with negligence is sufficiently shown by the judge leaving to the jury the question whether she had sufficient intelligence to grasp the whole situation that confronted her, and whether having grasped it and exercised the care of her age she could have avoided the accident by getting out of the way of the motorcycle. It is obvious that in the case of anyone old enough to be chargeable with negligence a collision with another person or a vehicle may be due to the fault of either party or to the fault of both,

and it was error to charge the defendant with negligence from the mere fact of collision. This error was emphasized by the attempt of the judge to define what he meant by the plaintiff securing the right of way, for he made that depend not, as our cases do, upon whether the child in the exercise of reasonable care reached the point of collision before the cyclist if in the exercise of the like reasonable care would have reached it, but instead he made the right of way depend upon whether the child thought it could get across in advance of the motorcycle. This would permit her to hold the cyclist responsible even though she ran suddenly and carelessly in front of his wheel, provided only she supposed she could get across in advance of it.

These errors make it necessary to reverse this judgment. The only other assignment that we need notice is that part of the charge which permitted the jury to consider the possibility of permanent injury. The word "possibility" is unfortunate. It is the probability of permanent injury that is to be considered.

The brief of the plaintiff in error contends that the court erred in failing to state to the jury that in awarding damages they must take into consideration the age of the child and to capitalize the verdict they render. The rule appealed to is that of *Baker* v. *Public Service,* 50 *Vroom* 249, but this does not require capitalizing the verdict, but an allowance on account of the accumulations of interest until the child attains its majority. The point, however, cannot be considered in this case, first, because it is not assigned for error, and second, because it was not made at the trial. A trial judge is entitled to have his attention called to his omission of any legal proposition which it is his duty to charge.

For the reasons stated the judgment must be reversed and a *venire de novo* awarded.

*For affirmance*—None.

*For reversal*—The Chancellor, Chief Justice, Garrison, Swayze, Trenchard, Bergen, Kalisch, Bogert, Vredenburgh, Congdon, White, Treacy, JJ. 12.