FRED DAVID, ADMINISTRATOR OF EDWARD DAVID, DECEASED, PLAINTIFF AND RESPONDENT, v. WEST JERSEY AND SEASHORE RAILROAD COMPANY, DEFENDANT AND APPELLANT.

Submitted March 24, 1913—Decided June 18, 1913.

1. Between the time in life when a person is incapable of exercising the care and judgment necessary to avoid and avert danger, and the time when he is in law an adult and responsible as such, there is a transition period during which his responsibility depends upon matters of fact, and in this transition period he may or may not be guilty of contributory negligence.

2. The degree of care required of a child old enough to be capable of negligence is such as is usually exercised by persons of similar age, judgment and experience.

3. In order to determine whether a child old enough to be capable of negligence has been guilty of contributory negligence it is necessary to take into consideration the age of the child, and its experience and capacity to understand and avoid danger to which it is exposed in the actual circumstances and situation under investigation; and it is usually a question for a jury to determine whether the child has been guilty of contributory negligence.

4. A child seven years and ten months old, who approached a steam railroad street crossing, and was standing "on the first plank of the crossing close to the track" watching a northbound freight train passing on the farther track, and who, after it had cleared the crossing, and, as he was starting or about to start across, was hit by the piston box of an engine drawing a passenger train on the southbound track, cannot be said to be guilty of contributory negligence as a matter of law, even though he did not look in the direction from which the train came, when the evidence tends to show that the train which struck him gave no statutory signal, and that the crossing gong there maintained by the railroad was not ringing when he started or was about to start across.

5. Section 55 of the Railroad act (*Comp. Stat.*, *p.* 4245) has no application to a pedestrian engaged in crossing a railroad at a lawful public crossing, and who stops to wait for a train to pass.

On appeal from the Camden Circuit Court.

For the appellant, *Gaskill & Gaskill.*

For the respondent, *Stackhouse & Kramer.*

The opinion of the court was delivered by

TRENCHARD, J.  This suit was brought in the Camden Circuit Court to recover damages for the death of a boy, seven years and ten months of age, who was killed at the intersection of Liberty street, Camden, with the double-track railroad of the defendant company.

From the conflicting testimony at the trial it was clearly open to the jury to find the following matters of fact: The decedent, having approached the crossing, was standing "on the first plank of the crossing close to the track." He was watching a northbound freight train passing on the farther track, and after it had cleared the crossing, and as he was starting, or about to start, across, he was hit by the piston box of an engine drawing a passenger train on the southbound track, and killed. It was also open to the jury to find from the conflicting evidence that the train which struck him failed to give either of the statutory signals, and that, when he was starting or was about to start across and was hit, the crossing gong there maintained by the defendant company was not ringing. It appeared that the decedent did not look in the direction from which the train came which hit him.

The defendant company urges as a reason for reversal that the trial judge erred in refusing to nonsuit the plaintiff on the ground of decedent's contributory negligence.

We think not. The alleged negligence of decedent was not a court question. He was but ten months beyond the age of seven years, the age below which some cases hold children are

presumed to be not guilty of contributory negligence (*Baker* v. *Public Service Railway Co.*, 50 *Vroom* 249, and in others *non sui juris* as a matter of law, and hence not chargeable with contributory negligence. *Schneider* v. *Winkler*, 45 *Vroom* 71. See, also, the exhaustive note in 17 *Ann. Cas.* 353. In the present case it is unimportant whether, as an academic question, the courts can properly hold that an infant of a given age is, as a matter of law, *non sui juris,* or whether that question is one of fact. There has been a time in the life of every person of mature judgment, as all agree, when he was incapable of exercising the care and judgment necessary to avoid and avert danger and was *non sui juris.* There is a time, also, when he is in law an adult and responsible as such. Between these two periods is a transition stage, during which his responsibility depends upon matters of fact. *MacDonald* v. *O'Reilly,* 45 *Oreg.* 589. In this transition period he may or may not be guilty of contributory negligence. *Traction Company* v. *Scott,* 29 *Vroom* 682; *Fitzhenry* v. *Consolidated Traction Co.,* 35 *Id.* 674.

The degree of care required of such a child is such as is usually exercised by persons of similar age, judgment and experience. *Traction Company* v. *Scott, supra.* The reason for the rule is this: The conduct of a child should not be measured by the standard of care applied to an adult, because the immaturity of youth ordinarily embraces not only imperfect knowledge of natural facts and laws and of the proper relation between cause and effect, but when possessed of these elements necessary to the exercise of reasonable care, it still lacks the discretion, thoughtfulness and judgment presumed to be an attribute of the ordinary prudent adult, and which may be said to come only with experience. Thoughtlessness, impulsiveness and indifference to all but patent and imminent dangers are natural traits of childhood, and must be taken into account when we come to classify the conduct of the child. *Mann* v. *Missouri, &c., Railway Co.,* 123 *Mo. App.* 486.

And so in order to determine whether a child in such transition period has been guilty of contributory negligence,

it is necessary to take into consideration the age of the child, and its experience and capacity to understand and avoid the danger to which it is exposed in the actual circumstances and situation under investigation; and it is usually a question for the jury to determine whether the child has been guilty of contributory negligence. *Traction Company* v. *Scott, supra.* No doubt, where it appears beyond dispute that the child acted in entire disregard of the degree of prudence which may reasonably be expected of one of his years, and thereby contributes to his injury, then the question, contrary to the usual rule, becomes one for the court to determine. *Fitzhenry* v. *Consolidated Traction Co., supra; Anderson* v. *Central Railroad Co.,* 39 *Vroom* 270.

In the present case there was the tender age of the decedent and his comparative inexperience; there was the train passing on the other track to distract his attention; there was the evidence that the crossing gong did not ring; there was the evidence that the train which hit him gave no statutory signal. In these circumstances and situation it cannot be said as a matter of law that this child, only seven years and ten months of age, was guilty of contributory negligence, either in not looking in the direction from which the train came or in being for the purpose of crossing so near the track that the piston box of the engine hit him. *Bradley* v. *Central Railway Co., ante p.* 357; *Traction Company* v. *Scott, supra; Smith* v. *North Jersey Street Railway Co.,* 44 *Vroom* 295; *Verdon* v. *Crescent Automobile Co.,* 51 *Id.* 199. This result renders it unnecessary for us to consider the effect of *Pamph. L.* 1909, *p.* 137.

It is next contended that the decedent was rendered guilty of contributory negligence by the operation of section 55 of the Railroad act, in view of the fact that he was standing on the crossing near the track.

We think there is no merit in the contention. That act provides:

"It shall not be lawful for any person other than those connected with or employed upon the railroad to walk along the tracks of any railroad except when the same shall be laid upon

a public highway; if any person shall be injured by an engine or car while walking, standing or playing on any railroad, or by jumping on or off a car while in motion, such person shall be deemed to have contributed to the injury sustained, and shall not recover therefor any damages from the company owning or operating said railroad; provided, that this section shall not apply to the crossing of a railroad by any person at any lawful public or private crossing." *Comp. Stat.*, p. 4245.

A reading of the proviso, without more, shows that the section has no application to the decedent who was engaged in crossing the railroad at a lawful public crossing. He was waiting for the freight train to pass on the farther track, and, of course, was not bound to keep moving.

The motion to nonsuit was therefore properly denied.

These considerations, in effect, dispose of every question argued, and the judgment will be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BOGERT, VREDENBURGH, CONGDON, WHITE, TERHUNE, HEPPENHEIMER, JJ. 15.

*For reversal*—None.