ALFRED ARIVABENO, BY HIS NEXT FRIEND, CHARLES ARIVABENO, AND CHARLES ARIVABENO, INDIVIDUALLY, PLAINTIFFS-APPELLANTS, v. REUBEN NUSE, DEFENDANT-RESPONDENT.

Argued May 1, 1934—Decided September 28, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the plaintiffs-appellants, *Winfield S. Angleman.*

For the defendant-respondent, *King & Vogt.*

BODINE, J. The plaintiff appeals from a jury verdict of no cause of action. The sole ground of appeal is predicated upon an exception to the court's charge. The plaintiff, an infant five years and ten months and twenty-two days old, was injured by the defendant's automobile while playing with other boys in the street. None of the testimony is printed except that relating to the boy's age.

The learned trial judge charged the jury as follows: "In considering the question as to whether there would be contributory negligence on the part of this boy, you will take into consideration his age and intelligence, for he can only be held to that degree of care which a boy of his age and intelligence would ordinarily exercise. He was slightly under six years of age, and of course a boy of that age could not be held to the same degree of care as you would hold an adult to. If you find that he failed to exercise such care as a reasonably prudent person of his age, intelligence and experience should exercise, and that by reason of his lack of such due care this accident occurred, and that his negligence contributed to the accident and injury, then plaintiffs cannot recover, irrespective of the question of whether the defendant was or was not negligent."

The sole ground of exception was that there was no such conception in law as contributory negligence by a five-year-old infant. The record is inadequate. At all events, we can only review the charge upon the very narrow ground presented. The rule does not prevail in this state that an infant between five and six years of age may not, as a matter of law, contribute by his negligence to his injury.

Chancellor Walker, speaking for the Court of Errors and Appeals, in a case in which the infant was six and a half

years of age, said: "* * * the degree of care required by a child old enough to be capable of negligence, is such as is usually exercised by persons of similar age, judgment and experience, and in order to determine whether a child old enough to be capable of negligence, has been guilty of contributory negligence, it is necessary to take into consideration the age of the child, its experience and capacity to understand and avoid dangers to which it is exposed in the actual circumstances and situation under investigation, and, it is usually a question for the jury to determine, whether a child has been guilty of contributory negligence." *Iaconio* v. *D'Angelo,* 104 *N. J. L.* 506.

Although the law presumes that a child not over six years of age has not contributed by his or her negligence to the happening of the accident, the presumption is not conclusive and may be rebutted by proof to the contrary. The presence of proof would make the case one for the jury. *Altieri* v. *Public Service Railway Co.,* 101 *N. J. L.* 241, 244; 128 *Atl. Rep.* 547. Since it is stated in the respondent's brief that there was proof to rebut the presumption we cannot assume that there was none. As before indicated, it does not appear from the record that a motion was made to control the jury on the question of contributory negligence. Since the appellant has not brought up more than the court's charge to the jury, we can only determine its correctness in the particular challenged. If the presumption was not rebutted, a motion for a binding instruction should have been made. Since no such motion was made we can only infer that the case was one for the jury.

The learned trial judge substantially charged the law as stated by Chancellor Walker in *Rinaldi* v. *Levgar Structural Co.,* 97 *N. J. L.* 162, 164; 117 *Atl. Rep.* 42: "* * * the degree of care required of a child old enough to be capable of negligence in such as is usually exercised by persons of similar age, judgment and experience, and that in order to determine whether a child old enough to be capable of negligence has been guilty of contributory negligence, it is necessary to take into consideration the age of the child and its

experience and capacity to understand and avoid dangers to which it is exposed in the actual circumstances and situation under investigation, and that it is usually a question for the jury to determine whether a child has been guilty of contributory negligence." In that case the child was six and a half years old.

As Mr. Justice Trenchard, for the Court of Errors and Appeals, in *David* v. *West Jersey and Seashore Railroad Co.,* 84 *N. J. L.* 685; 87 *Atl. Rep.* 440, pointed out there is a time when an infant cannot exercise the care and judgment necessary to avoid and avert danger. During the transition period between such period and adult life there is a period when the infant could, by the exercise of care and judgment, avoid and avert the danger from which he suffered. This period presents a jury question. "And so in order to determine whether a child in such transition period has been guilty of contributory negligence, it is necessary to take into consideration the age of the child, and its experience and capacity to understand and avoid the danger to which it is exposed in the actual circumstances and situation under investigation; and it is usually a question for the jury to determine whether the child has been guilty of contributory negligence."

The Supreme Court, in *Verdon* v. *Crescent Automobile Agency,* 80 *N. J. L.* 199; 76 *Atl. Rep.* 346, held that the question of whether a boy of seven was capable of contributory negligence was for the jury under proper instruction.

It was suggested in *Baker* v. *Public Service Railway Co.,* 79 *N. J. L.* 249; 75 *Atl. Rep.* 441, that there was a presumption that a child under seven was not guilty of contributory negligence. The appellant cannot, however, take comfort in that case because but for all that appears, the presumption was overcome in the present case and if it was not, as has been noted, the question of the lack of proof is not before us either of record or by exception. In *Rilscher* v. *Orange and Passaic Valley Railway Co.,* 79 *N. J. L.* 462; 75 *Atl. Rep.* 209, it was held that the question of the contributory negligence of a boy six years and ten months old was for the jury.

We take it that the language in *Schneider* v. *Winkler,* 74

*N. J. L.* 71; 70 *Atl. Rep.* 731, that a child under seven years of age could not be charged with contributory negligence has been overruled, if it ever was law, but we do not think that it ever was the law of this state. In *Smith* v. *North Jersey Street Railway Co.,* 73 *N. J. L.* 295; 67 *Atl. Rep.* 753, the question of the contributory negligence of a girl eight and a half years old was for the jury under proper instruction. So also the question of the contributory negligence of a boy between four and five years of age was held to be for the jury in *Markey* v. *Consolidated Traction Co.,* 65 *N. J. L.* 82; 46 *Atl. Rep.* 573.

"The duty of observation required from children may differ in extent and degree from that required from an adult. Judgment which a jury might find lacking in prudence if formed by a person of mature years might perhaps be found not to be lacking in prudence if formed by a child, but the child is not excused from some duty of observation." *Brady* v. *Consolidated Traction Co.,* 64 *N. J. L.* 373, 375; 45 *Atl. Rep.* 805.

A backward boy of nine is not excepted from the exercise of care and prudence. *North Hudson County Railway Co.* v. *Flanagan,* 57 *N. J. L.* 696; 32 *Atl. Rep.* 216.

The judgment under review will be affirmed, with costs.