WILLIAM CLERICI, BY VITTORIO CLERICI, HIS NEXT FRIEND, RESPONDENT, v. AMELICONE GENNARI AND ANTHONY GENNARI, APPELLANTS.

Submitted October 16, 1925—Decided March 26, 1926.

C., a boy between fourteen and fifteen years of age, while playing ball in the street, ran backwards to catch the ball and was struck by a motor truck. *Held*, that there was no element of danger of which a boy of his years was not capable of fully appreciating, and that in acting as he did he took the risk of his own injury, and was by his contributory negligence barred from the recovery of damages for his injuries in the action instituted by him for that purpose.

On appeal from the Supreme Court.

For the appellants, *Isaacs & Gunther* and *L. Edward Herrmann.*

For the respondent, *William F. Burke (John H. Sheridan,* of counsel).

The opinion of the court was delivered by

KATZENBACH, J. The respondent, the plaintiff below, a lad between fourteen and fifteen years of age, instituted this suit to recover damages for personal injuries recived by him as a result of being struck by a motor truck owned by one of the defendants below, and operated by the other defendant, a son of the owner. The accident, of which the plaintiff's injuries were the result, was alleged to be due to the negligent operation of the truck. The action was brought in the Supreme Court, tried at the Hudson Circuit, and resulted in a verdict and judgment for the plaintiff. The defendants below have appealed the judgment to this court.

The defendants in their answer set up as one of the defenses to the action that the plaintiff was guilty of contributory negligence. At the conclusion of the testimony offered

in behalf of the plaintiff, counsel for the defendants moved for a nonsuit. . One of the grounds urged was the contributory negligence of the plaintiff. The motion was denied. An exception to this ruling was taken. At the conclusion of the testimony a motion was made to direct a verdict for the defendants. The contributory negligence of the plaintiff was made one of the grounds for this motion, which was denied. An exception to this ruling was taken. The appellants principally rely upon these rulings of the trial judge with reference to the contributory negligence of the plaintiff for a reversal of the judgment. They insist that the testimony shows that the plaintiff's own negligence contributed to the injury, for which he brought suit. The consideration of this contention on the part of the appellants makes necessary a statement of the circumstances under which the accident occurred.

The accident occurred upon Paterson avenue, in the town of West Hoboken, about ten feet from the intersection of Paterson avenue with West street. Paterson avenue runs, approximately, east and west. West street runs, approximately, north and south. Upon Paterson avenue there is a single track street railway located in the centre of the street. The sidewalk on the northerly side of Paterson avenue is eight feet wide. The distance between the curb and the most northerly rail of the street railway track is about eight feet. At the northwest corner of Paterson avenue and West street is located a factory building. The plaintiff and several companions of about the same age were, on June 5th, 1924, at five-thirty. P. M., playing ball in Paterson avenue. The day was clear. It was still daylight. The game was played by one of the boys batting or throwing the ball against the Paterson avenue side of the factory building. The other boys would endeavor to catch it upon the rebound. The boys seeking to catch the ball were lined up facing the building against which the ball was thrown. One stood on the sidewalk, another immediately back of him, another back of the second boy, and the fourth boy stood almost across the street. The plaintiff at the time of the accident stood in the street

about three or four feet away from the northerly sidewalk. The ball was batted against the wall. It rebounded toward the plaintiff, but at such a distance above his head that in order to catch it, or to make an effort to catch it, it was necessary for him to run backwards. As the plaintiff was in the act of running backwards the Ford motor truck was being driven westwardly on Paterson avenue with its right-hand wheels to the north of the most northerly rail. The plaintiff as he ran backwards came in contact with the truck and was injured. The plaintiff claimed that the truck was being negligently driven. We feel it unnecessary for us to review the testimony upon the question of whether or not the defendants below were guilty of negligence in the operation of the truck, as the evidence of the plaintiff's contributory negligence is so clear as to permit us to dispose of the present appeal on this question.

The testimony, as to what the plaintiff did, is uncontradicted. He testified that he ran out from the wall backwards to catch the ball. He was in the part of the street used by vehicles when struck. This was confirmed by all the eye witnesses to the accident. He was engrossed in the game he was playing. He was unconscious of the approach of the truck. He could have seen it if he had looked. There was nothing which would have obstructed his view of its approach. The only reason he did not see it was because his attention was wholly centered upon the game he was playing. The plaintiff was between the years of fourteen and fifteen when the accident occurred. He was a normal boy in possession of all his faculties. He was *sui juris*. He knew the danger of using as a playground a thoroughfare upon which there were passing and repassing motor vehicles. He must or should have known the danger of playing ball in a street. He ought, and probably did, know of the danger incident to running backwards in a street after a batted ball. Where one has been the cause of his own injury, by his thoughtless action, he cannot recover.

This question has been the subject-matter of numerous decisions in the courts of this state. The law is well settled

that a person, crossing a street on foot, is bound to look out for approaching vehicles, and if he neglects to do so and is hurt he will be considered to have contributed to the injury and will be barred from recovery against the one who inflicted it. *Sheets* v. *Connolly Street Railway Co.,* 54 *N. J. L.* 518. The same rule obtains to one who is playing in the street. In the case of *North Hudson County Railway Co.* v. *Flanagan,* 57 *Id.* 696, it was held in an opinion of this court, written by the present Chief Justice, that a boy of nine years of age, who was playing ball with his companions in a street upon which a street railway was operated, and ran across the street in front of an approaching car in order to avoid being hit by the ball, which was about to be thrown by one of the players, and was hit by a street railway car, was guilty of contributory negligence in acting as he did. The court in this case placed its decision upon the lack of proof of negligence on the part of the defendant, but said that were it necessary the court would place its decision on the plaintiff's contributory negligence.

The case of *Brady* v. *Consolidated Traction Co.,* 63 *N. J. L.* 25, is also in point. In that case a boy nine and one-half years of age, while playing in the street with other boys, ran in front of a trolley car which he saw approaching and was struck by the fender. Mr. Justice Dixon, in delivering the opinion of the Supreme Court, said: "The case in hand presents the latter condition. The plaintiff saw the car approaching, and there was no element of danger which he did not perceive or which a boy of his years was not capable of fully appreciating. He choose to run in front of the car, on his judgment that he could cross before it reached him, in spite of the evident danger of the attempt, and we think it should be held that he took the risk of failing in the effort which he designedly made." A second trial of this case resulted in a verdict for the plaintiff, which was set aside for the same reason. 64 *N. J. L.* 373.

In all of the cases above referred to the plaintiff was considerably younger than the plaintiff in the present case. But for the negligent act of the plaintiff in the present case, who

was of sufficient age and intelligence to fully understand the dangers to which he was exposing himself, the accident would not have happened. We are of the opinion that the trial court erred in refusing to either nonsuit the plaintiff or direct a verdict for the defendants. For this reason the judgment of the Supreme Court is reversed.

*For affirmance*—KALISCH, BLACK, CAMPBELL, JJ. 3.

*For reversal*—THE CHIEF JUSTICE, TRENCHARD, PARKER, MINTURN, KATZENBACH, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 10.