16 N.J. Super. 22 (1951)
83 A.2d 775
JOSEPH P. SAYERS, SR., AS GUARDIAN AD LITEM OF WILLIAM FREDERICK SAYERS, A MINOR, AND JOSEPH P. SAYERS, SR., INDIVIDUALLY, PLAINTIFFS-RESPONDENTS,
v.
ALFRED RANGER AND ALBERT V. HEDELT. JOINTLY, SEVERALLY AND IN THE ALTERNATIVE, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued August 6, 1951.
Decided October 22, 1951.
*23 Before Judges LEYDEN, DANIEL J. BRENNAN and SCHETTINO.
Mr. Edison Hedges argued the cause for respondents.
Mr. Robert Peacock argued the cause for appellant.
*24 The opinion of the court was delivered by DANIEL J. BRENNAN, J.S.C.
The defendant, Alfred Ranger, appeals from a judgment against him entered in the Law Division of the Superior Court, Atlantic County, awarding $1,000 to the plaintiff William Frederick Sayers, a minor, by his guardian ad litem, Joseph P. Sayers, Sr., and $151 to Joseph P. Sayers, Sr., in his own right.
The facts are that the infant plaintiff, a 14-year-old boy, a freshman in Pleasantville High School in this State, on March 17, 1950, by election, was jumping over a gymnasium horse used as one of the instrumentalities of physical exercise in the school. While in the course of said jump he fell and broke his arm. The complaint is predicated on the alleged negligence of the physical education teacher (Ranger) for failure to supervise the final jump of the infant and directing him to walk to the office of the supervisor after he was hurt. The defendant Hedelt, who was in charge of physical education in said high school, is charged with negligently attempting to attend to said arm.
The several members of the board of education and the secretary thereof were impleaded as defendants, but the counts contained in the amended complaint were, as to them, on motion of the attorney for the defendants and by appropriate order of the trial court, stricken, being dismissed for that they do not disclose a legal cause of action against these defendants.
During the trial the court granted a motion for judgment of dismissal as to the defendant Hedelt, and the case was submitted to the jury on the question of the alleged negligence of the individual defendant Ranger, the gymnasium teacher.
The single question for resolution is the right of the plaintiffs to have recovery in the light of the circumstances under the testimonial record. It should be noted that physical education is compulsory in our public school system for all those students above the kindergarten level who are physically fit, R.S. 18:14-93-96. The defendant Ranger is an accredited physical education instructor and from the testimony it *25 appears that proper mats were set out to protect the students and the jumps were supervised by the defendant and a volunteer student. In addition to these precautions against injury there was a demonstration by the defendant as to how the jump should be done. The testimony of the witnesses indicates that the infant plaintiff could choose the character of gymnasium exercise he wanted; that on the day of the accident he had successfully jumped several times; that he jumped in leap frog fashion; that he went to put his hands down and his foot hit the top boy throwing him off balance before his hands could get on the boy's back; that before the boy started the instructor cautioned him (as testified by the infant plaintiff): "This is dangerous and to do it the way he showed us and if we didn't think we could do it, not to, and seeing I had done it successfully before, I did it that time." It is manifest out of the mouth of the infant plaintiff that he was fully aware of the dangers implicit in this form of exercise. He was of sufficient intelligence and experience to realize the harmful potentialities of the situation. He elected to assume it and must be held to the consequences which ensued in the process thereof. There was nothing culpable or negligent in the conduct of the defendant. The accident was not the result of any wrongful or negligent act on the part of the defendant. If we assume negligence in the defendant, still no right of recovery was established. Knowledge of the danger compels assumption of the risk in such a case. Vorrath v. Burke, 63 N.J.L. 188, at 190 (Sup. Ct. 1899); North Hudson v. Flanagan, 57 N.J.L. 696 (E. & A. 1895); Sheets v. Connolly, 54 N.J.L. 518 (Sup. Ct. 1891); Clerici v. Gennari, 102 N.J.L. 377 (Sup. Ct. 1926); Gaincott v. Davis, 275 N.W. 229, 231 (Sup. Ct. Mich. 1937). The damage here complained of must have come from an act which is wrongful to sustain recovery. The record is barren of any proof that the defendant teacher was known to be unskillful or an improper person to do the work. There was no proof that the accident was due to defendant's negligence. *26 The defendant exercised due care under the circumstances. His obligation in that respect was satisfied.
So much of the amended complaint as charges as negligence of the defendant that he directed the boy to get up off the floor and walk to the office of the supervisor is insubstantial in law and fact. The record reveals that the boy was brought to the first-aid room not too long a distance away, there given preliminary assistance and afterwards transported to a hospital for proper treatment. Common experience dictates that transportation to a hospital is the better choice of expedients under the circumstances rather than waiting to summon a physician who would be ready and able to come to the scene of the event. The conduct of the teacher was more in the nature of humanitarian interest rather than evocative of any negligence.
Plaintiffs having failed to establish a right of recovery, the judgment is reversed.